IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division



SANDRA J. BERRIOS,

Plaintiff

CIVIL NO.  3 : 11 C V 496

EXPERIAN INFORMATION SOLUTIONS, INC.

SERVE:     David N. Anthony, Registered Agent
           1001 Haxall Point
           Richmond, VA 23219
and

TRANS UNION, LLC.

SERVE:     Corporation Service Company, Registered Agent
           11 S. 12th Street
           Richmond, VA 23218

and

EQUIFAX, INC.

SERVE:     Corporation Service Company, Registered Agent
           1111 East Main Street
           Bank of America Center, 16th Floor
           Richmond, VA 23219
and

FLAGSTAR BANK, FSB.

SERVE:     FLAGSTAR BANK, FSB
           5151 Corporate Drive, Mail Stop E-700-3
           Troy, MI 48098

Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Sandra J. Berrios, (hereafter the "Plaintiff") by counsel, and for his complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act) and 12 U.S.C. §2601 et seq. (Real Estate and Settlement Procedures Act).

## JURISDICTION

2. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. §1681(p) and RESPA, 12 U.S.C. §2605(f), 28 U.S.C. §1331.  Venue is proper as three of the Defendants maintain its registered offices within the boundaries for the Eastern District of Virginia, Plaintiff resides in this District and Division and significant parts of the Plaintiff's claim occurred in Virginia.

## PARTIES

3. The Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC.** ("*Experian*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

5. Upon information and belief, *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

2

6.     Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

7.     Upon information and belief, **TRANS UNION, LLC.** (*"Trans Union"*) is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

8.     Upon information and belief, *Trans Union* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9.     Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

10.    Upon information and belief, **EQUIFAX, INC.** (*"Equifax"*) is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

11.    Upon information and belief, *Equifax* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

12.    Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

13.    Upon information and belief, **FLAGSTAR BANK, FSB.** (*"Flagstar"*) is a federally chartered banking institution authorized to do business in the Commonwealth of

3

Virginia, who keeps its corporate offices in Troy, Michigan as a mortgage loan servicing company as defined in 12 U.S.C. §2605(i).

## FACTS

14.     On or about and after May 25, 2011, Plaintiff obtained a copy of her credit reports with *Experian*, *Trans Union* and *Equifax* and learned that each were reporting a mortgage delinquency that did not exist.

15.     On or about June 10, 2011 Plaintiff forwarded a written dispute letter to *Experian Trans Union* and *Equifax* regarding the inaccurate mortgage account reporting within her credit report with *Flagstar*. Plaintiff enclosed a copy of a loan modification she received from *Flagstar* and proof of payments made pursuant to the agreement.

16.     The *Flagstar* reportings were false. The Plaintiff had reached an agreement with *Flagstar* where she was provided a loan modification of her mortgage in September 2009. The Plaintiff dismissed a lawsuit captioned *Sandra J. Berrios v. 1st Principle Mortgage, LLC, et al.*, Civil Action No. CL08-12312 in Fairfax County Circuit Court, where *Flagstar* was a Defendant.

17.     Since that time, Plaintiff had always paid her monthly mortgage payment to *Flagstar* in accordance with loan modification she received as part of the settlement of the lawsuit.

18.     Plaintiff, through her counsel, forwarded a written dispute of the alleged default to *Flagstar* on or about September 17, 2010, disputing that she was in default of her mortgage payment obligations and disputing her payments pursuant to the loan modification were being applied properly.

19.     *Flagstar* did not respond to this correspondence.

4

20.    On or about May 31, 2011, after receiving notice that her home was in foreclosure, Plaintiff forwarded another written dispute that she is in default of her mortgage obligations and requested that *Flagstar* correct this information on her account.

21.    *Flagstar* has not responded to this correspondence.

22.    On or about June 27, 2011, *Trans Union* responded to Plaintiff's dispute by advising that the *Flagstar* account had been "verified".

23.    On or about June 29, 2011 *Equifax* provided its Investigation Results that stated that the *Flagstar* account had been "verified" as having a zero balance and referencing a loan that was closed in 2009, not the mortgage loan at issue in the June 10, 2011 correspondence from the Plaintiff.

24.    On or about July 6, 2011, *Experian* provided its Investigation Results that stated that the *Flagstar* account had been "verified".

25.    On or about July 13, 2011 Plaintiff forwarded another written dispute letter to *Equifax* regarding the inaccurate mortgage account reporting within her credit report with *Flagstar*. The Plaintiff requested that another investigation take place. *Equifax* has not responded.

26.    In the July 13, 2011 correspondence the Plaintiff again referenced the September 9, 2009 loan modification, provided a copy of the agreement, and provided copies of all payments she had made under the loan modification. The Plaintiff has made all payments pursuant to the terms of the loan modification agreement and *Flagstar* has accepted those payments.

27.    Again, Defendants each received, but ignored the Plaintiff's disputes and did refuse to delete the inaccurate information regarding the mortgage account from the Plaintiff's credit file.

28. Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the inaccurate account.

29. After receiving Plaintiff's notices of the inaccuracies and within the two years preceding the filing of this action, *Experian Trans Union* and *Equifax* each prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate derogatory accounts.

30. Upon information and belief, Plaintiff alleges that on one or more occasions *Experian Trans Union* and *Equifax* each forwarded Plaintiff's disputes to *Flagstar*. Upon information and belief, *Flagstar* was provided notice of Plaintiff's disputes and despite this notice, each failed and refused to investigate and correct its inaccurate reporting.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### (EXPERIAN, TRANS UNION and EQUIFAX)

31. The Plaintiff realleges and incorporates paragraphs 1 through 25 above as if fully set out herein.

32. Defendants, *Experian*, *Trans Union* and *Equifax* each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

33. As a result of the conduct, actions and inactions of *Experian*, *Trans Union* and *Equifax* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

6

34.  *Experian's, Trans Union's* and *Equifax's* conduct, actions and inactions were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Experian, Trans Union* and *Equifax* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

35.  The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian, Trans Union* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT

### §15 U.S.C. 1681i(a)(1)
### (EXPERIAN, TRANS UNION and EQUIFAX)

36.  Plaintiff realleges and incorporates paragraphs 1 through 35 above as if fully set out herein.

37.  Defendants, *Experian, Trans Union* and *Equifax* each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

38.  As a result of the conduct, actions and inactions of Defendants, *Experian, Trans Union* and *Equifax* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

39.  Defendants, *Experian's, Trans Union's* and *Equifax's* conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative,

7

Defendants, *Experian*, *Trans Union* and *Equifax* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

40.   The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Experian*, *Trans Union* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT §15 U.S.C. 1681i(a)(2) (EXPERIAN, TRANS UNION and EQUIFAX)

41.   Plaintiff realleges and incorporates paragraphs 1 through 40 above as if fully set out herein.

42.   Defendants, *Experian*, *Trans Union* and *Equifax* each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide to *Flagstar* all relevant information regarding the Plaintiff's dispute.

43.   As a result of the conduct, actions and inactions of Defendants, *Experian*, *Trans Union* and *Equifax,* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

44.   Defendants, *Experian's*, *Trans Union's* and *Equifax's* conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.   In the alternative, Defendants, *Experian*, *Trans Union* and *Equifax* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

8

45. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Experian*, *Trans Union* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(4)
### (EXPERIAN, TRANS UNION and EQUIFAX)

46. Plaintiff realleges and incorporates paragraphs 1 through 45 above as if fully set out herein.

47. Defendants, *Experian*, *Trans Union* and *Equifax* each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider <u>all</u> relevant information submitted by Plaintiff.

48. As a result of the conduct, actions and inactions of Defendants, *Experian*, *Trans Union* and *Equifax*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

49. Defendants, *Experian's*, *Trans Union's* and *Equifax's* conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendants, *Experian*, *Trans Union* and *Equifax* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

50. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Experian*, *Trans Union* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT

9

## §15 U.S.C. 1681i(a)(5)(A)
## (EXPERIAN, TRANS UNION and EQUIFAX)

51.   Plaintiff realleges and incorporates paragraphs 1 through 50 above as if fully set out herein.

52.   Defendants, *Experian, Trans Union* and *Equifax* each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

53.   As a result of the conduct, actions and inactions of Defendants, *Experian, Trans Union* and *Equifax*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

54.   Defendants, *Experian's, Trans Union's* and *Equifax's* conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.   In the alternative, Defendants, *Experian, Trans Union* and *Equifax* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

55.   The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Experian, Trans Union* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

56.   The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Experian, Trans Union* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)(1)(A)
### (FLAGSTAR)

57. Plaintiff realleges and incorporates paragraphs 1 through 56 above as if fully set out herein.

58. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Flagstar* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the representations.

59. As a result of this conduct, action and inaction of *Flagstar*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

60. *Flagstar's* conduct, action and inactions were willful, rendering *Flagstar* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Flagstar* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

61. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Flagstar* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)(1)(B)
### (FLAGSTAR)

62. Plaintiff realleges and incorporates paragraphs 1 through 61 above as if fully set out herein.

63. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Flagstar* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

64. As a result of this conduct, action and inaction of *Flagstar*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

65. *Flagstar's* conduct, action and inactions were willful, rendering *Flagstar* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Flagstar* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

66. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Flagstar* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.


## COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(C) and (D)
### (FLAGSTAR)

67. Plaintiff realleges and incorporates paragraphs 1 through 61 above as if fully set out herein.

68. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Flagstar* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the *Flagstar* representations within Plaintiff's credit file with *Experian*, *Trans Union* and *Equifax* without also including a notation that this debt was

disputed pursuant to a settlement agreement and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

69. As a result of this conduct, action and inaction of *Flagstar*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

70. *Flagstar's* conduct, action and inactions were willful, rendering *Flagstar* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Flagstar* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

71. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Flagstar* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT NINE: VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT
### 12 U.S.C. §2605(e)
### (FLAGSTAR)

72. Plaintiff realleges and incorporates paragraphs 1 through 71 above as if fully set out herein.

73. On one or more occasions within the two years prior to filing of this suit, by example only and without limitation, the Plaintiff made multiple qualified written requests to *Flagstar* insisting that it conduct an investigation to correct inaccurate credit reporting and otherwise provide information regarding her loan.

13

74.     The Plaintiff made her qualified written requests on September 17, 2010 and May 31, 2011.

75.     On nearly each occasion alleged in the Complaint, the Plaintiff's written communication was sent to the address at which she was instructed by *Flagstar.*

76.     On nearly each occasion in which the Plaintiff did make her qualified written requests, *Flagstar* violated the Real Estate Settlement Procedures Act, 12 U.S.C. §2605(e) by:

a.      Failing to timely or at all provide a written notice of receipt of inquiry;

b.      Failing to timely or at all to conduct an appropriate investigation of the Plaintiff's inquiry;

c.      Failing to timely or at all to provide the Plaintiff a true and correct written explanation or clarification; and

d.      Continuing to report information regarding allegedly overdue payments to the national credit bureaus.

77.     As a result of this conduct, action and inaction of *Flagstar,* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: damage to reputation, embarrassment, humiliation and other emotional and mental distress.

78.     *Flagstar* is liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. §2605(f).

79.     *Flagstar's* conduct appears to be a pattern and practice of misconduct with many consumers. It is certainly so with the numerous violations alleged as to the Plaintiff. For each violation of 12 U.S.C. §2605(e), *Flagstar* is thus also liable to the Plaintiff for additional damages up to $1,000 per violation.

14

80.   The Plaintiff is entitled to recover costs and attorneys fees from *Flagstar* in an amount to be determined by the Court pursuant to 12 U.S.C. §2605(f)(3).

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for her attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

SANDRA J. BERRIOS,

By_____
                    Of Counsel

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com


Kristi Cahoon Kelly, VSB #72791
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400
(703) 591-9285
E-mail: kkelly@siplfirm.com