IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SANDRA J. BERRIOS, )<br>             Plaintiff,    )<br>                           )<br>v.                        )    Civil Action No.1:11-cv-01130-AJT-IDD<br>                           )<br>EXPERIAN INFORMATION SOLUTIONS, )<br>INC., *et al.*              )<br>             Defendants.   )<br>                           ) | |

## PLAINTIFF'S PROPOSED DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26(A) and the Order entered by this Court on October 19, 2011 counsel of record for the Plaintiff submits this Discovery Plan in advance of the Initial Pretrial Conference to be held on November 16, 2011.

Pursuant to Fed. R. Civ. P. 26(f), the parties conferred after the present matter was joined in the Richmond Division. However, at the request of Defendant Equifax, Inc., and the consent of the other parties, the case was transferred to the Alexandria Division. On October 24, 2011, after the transfer, Plaintiff's counsel forwarded to counsel for the Defendants the following proposed Joint Discovery Plan:

1. <u>Conclusion of Discovery.</u> Discovery will be concluded by Friday, **March 9, 2012**, as provided in the Court's Initial Scheduling Order.

2. <u>Initial Disclosures.</u> The parties will exchange initial disclosures under Rule 26(a)(1) on or before **December 2, 2011**.

3. <u>Claims, Defenses, and Settlement.</u>   The parties have conferred as to the nature and basis of their claims. The parties have discussed the potential for mediation in this matter and have agreed to re-address the issue once sufficient investigation has taken place to determine

the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case. The parties are willing to consider Court-supervised mediation at an appropriate time, individually or collectively.

4. <u>Discovery Schedule</u>. The parties do not believe that the Local Civil Rules should be altered with respect to the timing of discovery. Accordingly, all requests for written discovery should be served so that answers thereto shall be due to be served not later than the discovery cut-off date.

5. <u>Service of Papers and Pleadings</u>. All pleadings, motions and other papers that are filed with the Court will be distributed to the parties via the Court's electronic notification system, as provided by the Federal Rules of Civil Procedure and the Local Rules, which shall constitute sufficient service. In addition, the parties agree that each has the option to serve by e-mail all discovery requests, written responses, and any other papers that are not filed with the Court. The serving party shall attach the pleading or paper in a "portable document format" ("pdf") or other form of electronic file. For purposes of calculating response deadlines, any emailed document will be treated as having been sent via regular mail. If transmission of voluminous materials as an e-mail attachment is impractical, then those materials shall be served by regular mail, courier service or other means as agreed by the parties.

6. <u>Discovery of Electronically Stored Information</u>. Electronically stored information and documents may be produced in either electronic or printed form, unless electronic form is specifically requested in relation to particular requests. Documents produced in electronic form shall be produced in native format unless agreed otherwise by the receiving party and/or unless it is unreasonably cumbersome or expensive to do so.

7. <u>Privileged or Protected Materials</u>. The parties agree that to the extent any party intends to assert a claim of privilege or protection as trial preparation material, any such claim

must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). The parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing party notifies the receiving party promptly upon discovery of the inadvertent production. Disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5)(B).

8. Protective Orders. Counsel agrees to discuss entry of a stipulated protective order. The parties will work together to agree on a form for a Protective Order and shall comply with the requirements of Virginia Dep't of State Police v. The Washington Post, 386 F.3d 567 (4th Cir. 2004) and Ashcraft v. Conoco, 218 F.3d 282 (4th Cir. 2000).

9. Expert Discovery. The parties agree that expert discovery is necessary. The party with the burden of proof as to any issue shall make its expert disclosures by **December 23, 2011.** Responding disclosures are due **January 27, 2012**. To the extent they are necessary, rebuttal disclosures are due **February 24, 2012.**

10. Subjects of Discovery. The parties agree that discovery relevant to the claims and defenses contained in the pleadings will be appropriate, subject to all objections permitted by the applicable rules.

11. Trial by Magistrate. The Plaintiff consents to trial before the United States Magistrate Judge.

12. Other Matters.

    a. **Amended Pleadings:** Amended pleadings, including adding additional parties, may be filed without leave of Court on or before **November 1, 2011.** Thereafter, pleadings may be amended only with leave of Court, and only upon a showing of good cause, unless the parties otherwise agree.

      b.    **Non-Party Depositions:** The parties agree that each party may take up to ten (10) non-party depositions in this matter.

13.    <u>Motions Procedures</u>.

      a.    All motions, except for summary judgment, shall be noticed for a hearing on the earliest possible Friday before the Final Pretrial Conference on **March 15, 2012**. Ten working days' notice is required for motions to dismiss, for summary judgment and for judgment on the pleadings. A non-dispositive motion must be filed 5:00 p.m. the. Friday before the Friday for which it is noticed, with a response due by 5:00 p.m. the Wednesday before the hearing. All motions must contain a statement that a good faith effort to narrow areas of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions.

      b.    If the filing of an amended pleading results in additional motions pursuant to Fed. R. Civ. P. 12, all such Fed. R. Civ. P. 12 issues shall be raised in one pleading unless leave of court is first obtained. All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained.

      c.    All motions must adhere to the page limits set in Local Civil Rule 7(F)(3). No pleading shall be in type less than ten (10) pitch or twelve (12) point font.

14.    <u>Filing of Certain Materials</u>. Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), notices of depositions, interrogatories, request for documents and admissions, and answers thereto shall not be filed except on order of the Court, or for use in a motion or at trial.

15.    <u>Disclosures, Exhibit Lists, Witness Lists and Stipulations</u>. The parties agree that the Rule 26(a)(3) disclosures, a list of exhibits to be used at trial, a list of the witnesses to be called at trial and a written stipulation of uncontested facts will be filed electronically with the Court on or before the Final Pretrial Conference. Objections to exhibits will be filed within 10

days after the Final Pretrial Conference; otherwise the exhibits shall stand admitted in evidence. The original exhibits shall be delivered to the clerk as provided by Local Civil Rule 79(A).

16.     <u>Jury Instructions and Voir Dire</u>.  In the event this case is tried before a jury, each party shall proceed in accordance with Local Civil Rules concerning jury instructions and objections.

Dated:  November 9, 2011.

By:_____/s/ Leonard A. Bennett_____
Leonard A. Bennett
Virginia State Bar No. 37523
Susan M. Rotkis
Virginia State Bar No. 40639
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd, Suite 1A
Newport News, Virginia 23601
Telephone:  (757) 930-3660
Facsimile:  (757) 930-3662
Email: lenbennett@clalegal.com
Email: srotkis@clalegal.com

Kristi Cahoon Kelly
Virginia State Bar No. 72791
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone:  (703) 277-9774
Facsimile: (703) 591-9285
Email: kkelly@siplfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF) to the following:

John W. Montgomery, Jr., Esq.
Virginia State Bar No. 37149
MONTGOMERY & SIMPSON, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA  23230
Telephone: (804) 355-8744
Facsimile: (804) 355-8748
Email: jmontgomery@jwm-law.com
*Counsel for Equifax, Inc.*

David N. Anthony, Esq.
Virginia State Bar No. 31696
TROUTMAN SANDERS, LLP
1001 Haxall Point
P.O. Box 1122
Richmond, VA 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118

Email: david.anthony@troutmansanders.com
*Counsel for Experian Information Solutions, Inc.*

Grant E. Kronenberg, Esq.
Virginia State Bar No. 65647
MORRIS & MORRIS, PC
11 South 12th Street, 5th Floor
P.O. Box 30
Richmond, VA 23218
Telephone: (804) 344-6334
Facsimile:  (804) 344-8359
Email: gkronenberg@morrismorris.com
*Counsel for Trans Union, LLC*

Anitra Goodman Royster, Esq.
Virginia State Bar No. 48328
ALLSTON & BIRD, LLP
4721 Emperor Blvd., Suite 400
Durham, NC 27703
Telephone: (919) 862-2200
Facsimile: (919) 862-2260
Email: anitra.royster@alston.com
*Counsel for Flagstar Bank, FSB*

By: /s/ Leonard A. Bennett
Leonard A. Bennett
Virginia State Bar No. 37523
Susan M. Rotkis
Virginia State Bar No. 40639
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd, Suite 1A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Attorney for Plaintiff