IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SANDRA J. BERRIOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:11-cv-01130-AJT-IDD |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., *et al*. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**FLAGSTAR'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR PROTECTIVE ORDER**

Defendant, Flagstar Bank, F.S.B. ("Flagstar"), by counsel, pursuant to Fed. R. Civ. P. 26(b) and 30, and Local Rule 30, files the following memorandum in support of its Motion for Protective Order against Plaintiff Sandra Berrios ("Plaintiff").

INTRODUCTION

This motion arises out of the service on February 6, 2012 of two deposition notices directed to Flagstar (collectively the "Notices"). The Notices are deficient in a variety of resects related to the location selected for the depositions, the scope of the topics to be inquired about, and the lack of accompanying Rule 45 subpoenas as to certain of the deponents.

The first notice, issued under Fed. R. Civ. P. 30(b)(1) (the "30(b)(1) Notice"), directed multiple Flagstar employees -- all of whom are located in Michigan and none of whom are officers, directors or managing agents -- appear for their depositions in Fairfax, Virginia on

February 23, 2012 at the offices of Plaintiff's Northern Virginia counsel.  *See* Exhibit 1 (the 30(b)(1) Notice).

The second notice, issued pursuant to Rule 30(b)(6) (the "30(b)(6) Notice") directed Flagstar to designate representatives to testify on some 27 topics, ranging from all prior fair credit litigation against Flagstar since 2007, to the compensation of Flagstar's employees who processed Plaintiff's disputes of her account, to the process Flagstar uses to evaluate its employees.  *See* Exhibit 2 (the 30(b)(6) Notice).  The 30(b)(6) Notice once again directed Flagstar to produce its representatives in Fairfax, VA, despite the fact that its headquarters and principal place of business are in Michigan.  Finally, the 30(b)(6) Notice provided a total of ten days (only 7 working days) for Flagstar to prepare these designees on the multitude of topics and have them travel to Virginia to sit for multiple days of depositions.

After efforts of Flagstar's counsel to have the notices amended or withdrawn failed, this motion followed.  *See* Exhibit 3 (letter dated February 8, 2012 from Flagstar's counsel to Plaintiff's counsel).

## ARGUMENT

I. THE 30(B)(1) NOTICE IS INEFFECTIVE.

    A. The Depositions Can Only Be Taken In Michigan.

The 301(b)(1) Notice seeks testimony from "the ACDV Operators" who processed Plaintiff's disputes regarding her credit.  The representatives who handled those ACDV disputes are not corporate officers or managing agents of Flagstar.  They are account

representatives who work in Flagstar's Michigan headquarters.[1] They cannot be compelled to appear by virtue of a notice of deposition.

The 30(b)(1) Notice does not compel the "ACDV Operators" to testify in Virginia as stated. Moreover, even if Plaintiff issued subpoenas, they cannot be compelled to travel to Virginia to present testimony. *See* Fed. R. Civ. P. 45 (c)(1). Pursuant to Rule 45, as non-parties, they can only be deposed in the district where they reside or are employed. Neither of the prospective deponents identified in the 30(b)(1) Notice reside or work in this District.

B. The 30(b)(1) Notice Must Also Include Subpoenas.

Because the 30(b)(1) Notice seeks testimony from current Flagstar employees who are not officers or managing agents, they cannot be compelled to testify absent subpoenas issued from a District in Michigan where they work or reside. An examining party may select a particular officer, director, or managing agent for deposition and order the organization to produce that person. If the specified person, however, is not an officer, director, or managing agent, then the examining party "must resort to Fed. R. Civ. P. 45 for subpoenas on the non-party witnesses." *See E.I. DuPont de Nemours v. Kolon Indus.*, 268 F.R.D. 45, 48 (E.D.Va. 2010). Plaintiff has not served any of these employees with subpoenas seeking testimony in the district where they reside. *See* Fed. R. Civ. P. 45(a)(2)(B). Service on Flagstar of a notice to take the depositions of these employees in Virginia is ineffective and should be quashed.

---

[1] Flagstar has since identified the operations employees as Abdul Numan and Angel Hall, both of whom work at Flagstar headquarters in Troy, Michigan.

II. THE 30(b)(6) NOTICE IS PRECEDUIRALLY DEFECTIVE AND OVERBROAD.

A. The Deposition Must Be Taken In Michigan, Not Virginia, As Stated in Notice.

Absent special and compelling circumstances, the deposition of Flagstar must occur in Michigan, its principal place of business. *See In re Outsidewall Tire Litig.,* 267 F.R.D. 466, 470 (E.D. Va. 2010). In that case, Judge Ellis noted the generally recognized "presumption that Rule 30(a)(1) or 30(b)(6) depositions of a foreign defendant corporation's officers or managing agents should be taken at the corporation's principal place of business." *Id*. No reasons, let alone compelling ones, were cited by Plaintiff in her notice or in other correspondence to suggest why Flagstar should produce its designees in Virginia. *Id*. at 472 ("managing agent witnesses should presumptively be deposed in the district of the corporation's principal place of business").

Finally, Flagstar received only seven working days notice of the deposition, far less than what the Local Rules deem to be reasonable. Local Rule 30(H). While counsel have agreed to discuss changing the proposed dates of the company deposition, Plaintiff would not agree to take it in Michigan. The notice must be quashed.

B. The 30(b)(6) Notice is Overbroad.

In addition to its procedural deficiencies, the 30(b)(6) Notice is objectionable for reasons other than notice and geography. It contains 27 topics of inquiry, many of which address extraordinarily broad areas, concerning everything from Flagstar's organizational structure, to the compensation of Flagstar's employees, to the process for evaluating its credit specialists, to descriptions of every case that has been brought against Flagstar under FCRA in the past five years. *See* Exhibit 2. To comply with just a few of these requests could require

weeks of compilation of documents, investigation, and deponent preparation, as Flagstar is a publicly-traded federal savings bank that lends money to consumers all over the United States.

The 30(b)(6) Notice even requests information regarding Flagstar's reaction and interpretation of case law, presumably interpreting the FCRA, though the notice does not explain what, if any, significance any of the cases have or why Flagstar should have knowledge of them.[2]  See Exhibit 2 at Topic 5.  The notice also seeks to depose Flagstar on the "full background" of its ACDV procedures, and the compensation and performance of Flagstar employees.

Plaintiff's history with Flagstar that is the subject of this dispute spanned less than a year.  Nevertheless she seeks to exploit an innocent processing error by turning this case into an examination of every one of Flagstar's policies and practices for FCRA compliance spanning the past 3 to 5 years, from conception, to drafting, to implementation.

Flagstar has attempted to engage Plaintiff in an effort to limit the topics on which she seeks to inquire, to no avail.  She has refused to reduce either the number of topics or to narrow the scope of even a single one.  Flagstar has no choice but to request that the 30(b)(6) Notice be stricken in its entirety and reissued.  If it is re-issued, it should be limited only to topics which relate specifically to Plaintiff and her account, and not to any general subjects such as other litigation, compliance procedures, and credit reporting policies.   These include Topics 10, 12, 17, and 20 (the only requests in the notice addressed to case-specific subjects).

---

[2]  In addition, if Flagstar's motion for judgment on the pleadings is granted as to Plaintiff's FCRA claims, 70% or more of the topics in the 30(b)(6) Notice would be eliminated.  The FCRA-specific topics in the Notice include approximately 20 of the 27 total topics.  Flagstar's Rule 12(c) motion is scheduled to be argued on February 24, 2012.

## CONCLUSION

For these reasons, Flagstar requests that the Court enter a protective order quashing the 30(b)(1) and 30(b)(6) Notices in their entirety. Their procedural defects render them a nullity and Plaintiff has refused to correct those deficiencies.

In the event Plaintiff elects to re-issue geographically correct deposition notices to Flagstar, Flagstar requests that the Court require Plaintiff's depositions of Flagstar personnel to occur in Michigan, require her to issue subpoenas from the appropriate District in Michigan for the Flagstar employees who investigated her alleged dispute (and for any other non-management Flagstar personnel), and require her to narrow the 30(b)(6) Notice to include only topics 10, 12, 17, and 20, with any further examination permitted only by leave of this Court.

> Respectfully submitted,
> FLAGSTAR BANK, F.S.B.
> By Counsel

February 10, 2012

NELSON MULLINS RILEY & SCARBOROUGH LLP

    /s/
_____
George E. Kostel, VSB No. 34757
101 Constitution Avenue, N.W., Suite 900
Washington, D.C.  20001
Telephone:  (202) 712-2800
Facsimile:  (202) 712-2860
Email:  george.kostel@nelsonmullins.com

*Counsel for Defendant Flagstar Bank, F.S.B.*

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on February 10, 2012, Flagstar's Memorandum in Support of their Motion for Protective Order was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

        Kristi Cahoon Kelly
        SUROVELL ISAACS PETERSEN & LEVY, PLC
        4010 University Drive, Second Floor
        Fairfax, Virginia  22030

        Leonard A. Bennett
        CONSUMER LITIGATION ASSOCIATES, P.C.
        12515 Warwick Boulevard, Suite 100
        Newport News, Virginia  23505

        Matthew James Erausquin
        Consumer Litigation Associates, PC
        1800 Diagonal Road, Suite 600
        Alexandria, VA  22314

        *Counsel for Plaintiff Sandra J. Berrios*

        David Neal Anthony
        Troutman Sanders LLP
        1001 Haxall Point
        P.O. Box 1122
        Richmond, VA  23219

        Syed Mohsin Reza
        Troutman Sanders LLP
        1660 International Drive
        Suite 600
        McLean, VA  22102

        *Counsel for Defendant Experian Information Solutions, Inc.*
        Grant Edward Kronenberg
        Morris & Morris PC
        11 South 12th Street
        P.O. Box 30
        Richmond, VA  23218

        *Counsel for Defendant Trans Union, LLC*

John Willard Montgomery, Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230

*Counsel for Defendant Equifax Information Services, LLC*

                                    /s/
George E. Kostel, Esq., VSB No. 34757
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone: (202) 712-2800
Facsimile: (202) 712-2860
Email: george.kostel@nelsonmullins.com

*Counsel for Defendant Flagstar Bank, F.S.B.*

~#4839-8721-3326 v.1~