**EXHIBIT 3**

# Nelson Mullins

**Nelson Mullins Riley & Scarborough LLP**
Attorneys and Counselors at Law
101 Constitution Avenue, NW / Suite 900 / Washington, DC 20001
Tel: 202.712.2800 Fax: 202.545.2958
www.nelsonmullins.com

George E. Kostel
Tel: 202.545.2969
Fax: 202.545.2958
george.kostel@nelsonmullins.com

February 8, 2012

<u>VIA ELECTRONIC AND REGULAR MAIL</u>

Leonard A. Bennett, Esq.
Consumer Litigation Associates
753 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601

Kristi C. Kelly, Esq.
Surovell, Isaacs, Petersen & Levy, PLC
4010 University Drive, Suite 200
Fairfax, VA 22030

Re: *Sandra J. Berrios v. Experian Information Solutions, Inc., et al.*
U.S. District Court for the Eastern District of Virginia;
Civil Action No. 1:11-cv-01130-AJT-IDD:
<u>Multiple Deposition Notices Served on Flagstar</u>

Dear Len and Kristi:

I received two deposition notices Monday indicating that you intend to take multiple depositions of Flagstar. The first, a notice issued pursuant to Rule 30(b)(1) and served on me as counsel for Flagstar (the "30(b)(1) Notice"), is directed to "all ACDV operators [at Flagstar] who processed the Plaintiff's disputes." The deposition is to take place at the offices of Plaintiff's Fairfax, VA counsel. The second notice of deposition that I received requests a corporate designee of Flagstar to testify on February 16, 2012 on approximately 27 topics pursuant to Fed. R. Civ. P. 30(b)(6) (the "30(b)(6) Notice"), also in the offices of Plaintiff's Northern Virginia counsel. I am writing to object for a variety of reasons.

First, the depositions were noticed to take place in Virginia, not in Michigan where Flagstar resides. You have not identified any exception to the general rule that a corporation is to be deposed at its principal place of business. Consequently, if you still desire a corporate deposition, Flagstar will appear to testify where it principally does business in Troy, Michigan. *See In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471-72 (E.D. Va. 2010).

Secondly, the 30(b)(1) Notice seeks testimony from lower-level employees, who are not in Flagstar's control group, and who also do not reside in Virginia. They will need to be subpoenaed and will count against the Court's non-party deposition limit. I am working to

Leonard A. Bennett, Esq.
Kristi C. Kelly, Esq.
February 8, 2012
Page 2

confirm their identities but it is apparent that none of them, even if they remain employed by Flagstar, are officers, directors, or managing agents.

Lastly, the 30(b)(6) Notice gives inadequate notice and is overbroad given the relatively brief period of time that is involved in the case. *E.g.,* Topic No. 2 (requesting testimony on all FCRA lawsuits since 2007). Other examples include Topics 11 (all audits of employees who handle ALDV disputes), 13 (compensation of employees involved in investigation), and 17 ("everything" that was done regarding alleged disputes by Plaintiff), 26-27 (every "mistake" Flagstar made or any unintended action). The Local Rules require a minimum of 11 days notice of a deposition. *See* Local Rule 30 (H). Your notice was mailed on February 3, meaning a deposition could not occur before February 17 per the requirements of Rule 6(d). Given the breadth of the topics, it is unreasonable to seek a comprehensive deposition of this type on a mere 10 days' notice. *See id.* (noting that 11 days may not be reasonable given the "complexity" of the testimony). Local Rule 30(H).

I am happy to confer with you regarding the dates, location, and scope of depositions. Otherwise, I intend to involve the Court to get a ruling to that effect.

Very truly yours,

George E. Kostel

GEK:kas

cc:   Scott Surovell, Esq. (e-mail only)