IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SANDRA J. BERRIOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:11-cv-01130-AJT-IDD |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., *et al.* ) | |
| ) | |
| Defendants. ) | |

## FLAGSTAR BANK'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Pursuant to Fed. R. Civ. P. 12(c), Defendant Flagstar Bank, F.S.B. ("Flagstar"), by counsel, submits this Memorandum in Support of its Motion for Partial Judgment on the Pleadings. Flagstar respectfully requests that all of Plaintiff's Fair Credit Reporting Act ("FCRA") claims should be dismissed with prejudice because the Amended Complaint pleads facts which demonstrate that Plaintiff has no FCRA claims as a matter of law.

### NATURE OF THE CASE

The crux of the present case is that there was an error in boarding a loan modification which Plaintiff accepted in settlement of prior mortgage litigation brought by Plaintiff. Curiously, however, Plaintiff has not brought a claim for specific performance of that loan modification. Instead, Plaintiff has brought putative claims against Flagstar for putative violations of the FCRA, pursuant to which Plaintiff apparently seeks a windfall recovery. However, Plaintiff's FCRA claims theories are fatally flawed, as demonstrated by her allegations. Plaintiff concludes that Flagstar: (1) did not properly investigate Plaintiff's credit

report disputes, (2) did not review relevant information provided by the CRAs, and (3) did not include a notation that the debt in question was disputed and correctly report the results of its accurate investigation. Under FCRA, for such claims to stand, Plaintiff would have to allege that CRAs reported all relevant information to Flagstar. Plaintiff's Amended Complaint pleads the opposite. Indeed, Plaintiff specifically alleges that the CRAs failed to provide proper notice and all relevant information to Flagstar as required by 15 U.S.C. § 1681i(a)(2). Plaintiff has thus pled herself out of a viable FCRA claim theory, such that Plaintiff's FCRA claims (Counts VI, VII, and VIII) should be dismissed with prejudice.

## STATEMENT OF FACTS

On or about May 25, 2011, Plaintiff claims that she obtained a copy of her credit reports from three credit reporting agencies ("CRAs"), Experian, Trans Union, and Equifax, and after reviewing the same, discovered that these agencies were reporting an alleged non-existent mortgage delinquency on her mortgage with Flagstar. (Amend. Compl., Dkt. 24, ¶ 14.) In response, Plaintiff alleges she "forwarded" dispute letters, on or about June 10, 2011, to the CRAs regarding the mortgage account credit reporting. (*Id.* ¶ 15.) She submitted with her letters a copy of a loan modification she received from Flagstar as part of an agreement concerning a lawsuit, as well as proof of payments made in accordance with the loan modification. (*Id.* ¶ 17)

The CRAs responded to Plaintiff's complaint by advising Plaintiff that the mortgage account with Flagstar had been "verified." (*Id.* ¶¶ 22-24.) Due to Equifax's reporting of the loan as having a zero balance and closing sometime in 2009, Plaintiff sent another letter to Equifax regarding the inaccurate information and asked for another investigation, to which Equifax allegedly did not respond. (*Id.* ¶ 25.) This letter, sent on July 13, 2011, referenced and

included copies of both the loan modification agreement as well as proof of payments made under the agreement. (*Id.* ¶ 26.) Plaintiff also claims that the CRAs received, knew about, and deliberately ignored Plaintiff's credit report dispute, and ultimately refused to delete what Plaintiff categorized as inaccurate information on her mortgage account. (Id. ¶¶ 27-28.)[1] Plaintiff then alleges, upon information and belief, that the CRAs forwarded her disputes to Flagstar, but Flagstar failed to investigate and correct the credit reporting. (*Id.* ¶¶ 29-30.) Significantly, however, Plaintiff specifically alleges that the CRAs "each violated [the FCRA at] 15 U.S.C. § 1681i(a)(2) on multiple occasions by failing to provide Flagstar all relevant information regarding Plaintiff's dispute.

## **LEGAL STANDARD**

The standard of review for a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is the same as for a motion to dismiss pursuant to Rule 12(b)(6). *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-406 (4th Cir. 2002). "When considering the motion, the court views the facts presented in the pleadings in the light most favorable to the nonmoving party." *Cappetta v. GC Servs. L.P.*, 654 F. Supp. 2d 453, 456 (E.D. Va. 2009) (citation omitted). The Court need not accept as true, however, legal conclusions, unwarranted inferences, unreasonable conclusions, or arguments. *Eastern Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Conclusory allegations as to the elements of a cause of action, without more, are insufficient to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-556, (2007). Rather, a court must determine whether the plaintiff's complaint states enough facts for a court to conclude that it is plausible that the plaintiff is entitled to relief. "Factual allegations must be enough to raise a right to relief

---

[1] Plaintiff also alleges that Flagstar did not respond to certain correspondence that she sent concerning the dispute; however, that allegation relates to her RESPA claim. It is not a proper basis for her FCRA claim for the reasons explained herein.

3

above the speculative level." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Twombly*). "Because the [P]laintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## ARGUMENT

I. **THERE IS NO PRIVATE CAUSE OF ACTION FOR A FURNISHER MISREPORTING OF CREDIT INFORMATION IN THE FIRST INSTANCE; A PRIVATE CAUSE OF ACTION EXISTS ONLY FOR FAILING TO TAKE ACTION IN RESPONSE TO RECEIVING ALL RELEVANT INFORMATION FROM A CREDIT REPORTING AGENCY.**

Plaintiff's Amended Complaint ostensibly attempts to confuse what is at issue in the case by asserting that Flagstar did not correctly report information in response to Plaintiff's direct communications with Flagstar. Such a theory is not actionable under FCRA.

"FCRA is a comprehensive statutory scheme designed to regulate the consumer reporting industry." *Ross v. FDIC*, 625 F.3d 808, 812 (4th Cir. 2010), *cert. denied*, 131 S. Ct. 2991 (2011). It is intended to "prevent errors in credit reporting and remedy those that do occur," and was "drawn with extreme care." *Id.* FCRA specifically imposes two sets of duties/responsibilities on persons whom the Act calls "furnishers"—persons who furnish credit information about consumers to entities that collect and report such information, which the Act calls consumer reporting agencies.[2]

---

[2] "A Consumer reporting agency" is defined by 15 U.S.C. § 1681A(f) as:
> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility

4

Section 1681s-2(a) of FCRA contains one set of furnisher responsibilities, including the duty not to "furnish any information relating to a consumer to any consumer reporting agency if the [furnisher] knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Significantly, there is no private cause of action for a violation of the duties outlined in section 1681s-2(a). *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 149 (4th Cir. 2008). Enforcement of the duties imposed by § 1681s-2(a) is reserved exclusively for federal and state law enforcement agencies. 15 U.S.C. § 1681s-2(c)(1); *Saunders*, 526 F.3d at 149 ("FCRA explicitly bars private suits for violations of § 1681s-2(a) . . . ."). Consequently, courts have consistently dismissed FCRA claims that are based on nothing more than allegations that a furnisher reported inaccurate information to a CRA. *See, e.g., Schlueter v. BellSouth Telecomm.*, 770 F. Supp. 2d 1204, 207-08 (N.D. Ala. 2010); *Woods v. Wells Fargo Fin. Bank*, 753 F. Supp. 2d 784, 791-92 (S.D. Ind. 2010); *Carruthers*, 717 F. Supp. 2d at 1253; *Leet*, 480 F. Supp. 2d at 428-29; *Ruggiero*, 411 F. Supp. 2d at 736-37; *Ryder v. Washington Mutual Bank*, 371 F. Supp. 2d 152, 153-54 (D. Conn. 2005).

Section 1681s-2(b),[3] contains a second set of furnisher duties that are triggered once a furnisher receives notice of a credit-reporting dispute from a CRA. *Carruthers v. Am. Honda*

---

of interstate commerce for the purpose of preparing or furnishing consumer reports.

"Furnisher" is not defined by the FCRA but has been defined by courts. *See, e.g., Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 496 n.6 (D.N.J. 2010) ("[A] furnisher of information 'is an entity' which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies. . . ." (citation omitted)); *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 426 n.11 (S.D.N.Y. 2010) ("[F]urnishers . . . has been interpreted to mean 'entities that transmit, to credit reporting agencies, information relating to debts owed by consumers . . . .'"); *Aviles v. Equifax Info. Servs., LLC, 521 F. Supp. 2d 519, 522 (E.D. Va. 2007) (citation omitted)* ("Although the term 'furnisher' is not defined in the FCRA, this Court, as well as others, has interpreted the term as referring to entities that transmit to [consumer reporting agencies] information relating to debts owed by consumers.").

[3] Section 1681s-2(b)(1), provides that:

5

*Fin. Corp.*, 717 F. Supp. 2d 1251, 1253 (N.D. Fla. 2010); *Barberan*, 706 F. Supp. 2d at 427 n.12; *Leet v. Cellco P'ship*, 480 F. Supp. 2d 422, 428-29 (D. Mass. 2007); *Ruggiero v. Kavlich*, 411 F. Supp. 2d 734, 736-37 (N.D. Ohio 2005). These responsibilities include the following duties: (1) to conduct an investigation into disputed credit reporting, (2) to review relevant information provided by the CRA, (3) to report results of the investigation to the CRAs, and (4) to modify,

> After receiving notice pursuant to section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis . . . .

The notice requirement referenced in the above section of FCRA, Section 1681i(a)(2), provides that:

> (2) Prompt notice of dispute to furnisher of information
>
> (A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.
>
> (B) Provision of other information. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

6

delete, or block the reporting of information that the investigation reveals to be inaccurate or incomplete. 15 U.S.C. § 1681s-2(b)(1); *see Ross*, 625 F.3d at 813. Under § 1681s-2(b), "[c]onsumers may bring a private cause of action against a furnisher of credit information." *Aviles v. Equifax Info. Servs., LLC*, 521 F. Supp. 2d 519, 522 (E.D. Va. 2007) (citation omitted). The essential elements of such a claim are (1) proper notice by a credit reporting agency, and (2) the failure to conduct a reasonable investigation in response to the notice. In *Aviles*, the Court elaborated on this private cause of action against a furnisher by establishing the two elements necessary to demonstrate a claim under § 1681s-2(b), (1) notice and (2) a reasonable investigation. *Id.* at 522-23. *See, e.g., Notley v. Sterling Bank*, 3:06-CV-0536, 2007 U.S. Dist. LEXIS 13289, *3-*6 (N.D. Tex. Feb. 27, 2007).[4]

---

[4] These elements are enumerated even further in the *Notley* case:

> First, the plaintiffs must prove that [the furnisher] received notice -- in the manner provided by 15 U.S.C. § 1681i(a)(2) -- from a consumer reporting agency that information the bank had furnished to the consumer reporting agency had been disputed by the plaintiffs. Second, the plaintiffs must show that the bank failed to properly investigate the dispute or to report the results of the investigation in one of the following ways: (a) the bank failed to conduct an investigation; (b) the bank failed to review all relevant information provided by the consumer reporting agency in accordance with 15 U.S.C. § 1681i(a)(2); (c) the bank failed to report the results of the investigation to the consumer reporting agency; (d) if the investigation found that the information was inaccurate, that the bank failed to report those results to all other consumer reporting agencies to which the bank furnished the information; or (e) if the information was found to be inaccurate, that the bank failed to have the consumer reporting agency (i) modify the information, (ii) delete the information, or (iii) permanently block the reporting of the information. See 15 U.S.C. § 1681s-2(b)(1)(A)-(E). ***However, the court only reaches the inquiry on this second element if the plaintiff has proven that proper notice of the dispute was received by the defendant; otherwise, the defendant's duty to comply with subsections 1681s-2(b)(1)(A)-(E) is not triggered.***

(internal citations omitted)(emphasis added).

7

In the present case, Plaintiff's Amended Complaint is defective to the extent it seeks to bring a claim under subsection (a). Further, Plaintiff's affirmative allegations undercut Plaintiff's conclusion pursuant to subsection (b) that Flagstar received proper notice.

II.  **PLAINTIFF'S FCRA CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFF ALLEGES THAT THE CRAS DID NOT PROPERLY NOTIFY FLAGSTAR OF ALL RELEVANT INFORMATION OF PLAINTIFF'S DISPUTE.**

   A.  **Because Plaintiff Alleges That The CRAs Failed to Provide All Relevant Information, Flagstar Did Not Receive Proper Notice and Thus Count VI of the Amended Complaint Fails to State a Claim for Violation of FCRA, 15 U.S.C. § 1681s-2(b)(1)(A).**

In Count VI of the Amended Complaint, Plaintiff alleges that Flagstar violated FCRA, 15 U.S.C. § 1681s-2(b)(1)(A) by "failing to fully and properly investigate the Plaintiff's disputes of the representations" made on her credit report. (Amend. Compl. ¶ 8.) Title 15 Section 1681s-2(b)(1) provides that "[a]fter receiving notice pursuant to section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information . . . ." The notice shall include "*all relevant information* regarding the dispute that is received by the agency from the consumer or the reseller." 15 U.S.C. § 1681i(a)(2) (emphasis added).

Notice in accordance with section 1681i(a)(2) — i.e, notice that includes all relevant information — is a precondition for a viable action under section 1681s-2(b)(1). *Young v. Equifax Credit Info. Servs.*, 294 F.3d 631, 640 (5th Cir. 2002) ("Because Young has not satisfied the notice element with respect to Penney, his FCRA claims fail as a matter of law."); *Peasley v. Verizon Wireless*, 364 F. Supp. 2d 1198, 1200 (S.D. Cal. 2005) (holding that notice is required to trigger furnisher liability under § 1681s-2(b)); *Whisenant v. First Nat'l Bank & Trust Co.*, 258 F. Supp. 2d 1312, 1316 (N.D. Okla. 2003) ("Courts have consistently held that a furnisher's duty

8

under § 1681s-2(b) is triggered 'only after the furnisher receives notice of the dispute from a consumer reporting agency.'") (citations omitted). Notice provided only to the furnisher of information is insufficient to allow a cause of action under § 1681s-2(b). *Copley v. Fairbank*, No. 2:10-cv-01371, 2011 U.S. Dist. LEXIS 65993, *7 (S.D. W. Va. June 13, 2011) ("Accordingly, the mere fact that an individual or a debt collector notified the defendants of a credit dispute, as the plaintiff asserts here, does not trigger the duties imposed on creditors under § 1681s-2(b)."); *Yelder v. Credit Bureau of Montgomery*, 131 F. Supp. 2d 1275, 1289 (M.D. Ala. 2001) (holding "a furnisher of information has no duty under § 1681s-2(b) until a consumer reporting agency, and not a consumer, provides notice to the furnisher of information of a dispute") (citation omitted). Importantly, the provision of all relevant information is indistinct from the requirement to provide notice; in other words, a failure to provide relevant information means that notice has not been provided. *See Varnado v. Trans Union, LLC*, No. 03-C-6937, 2004 U.S. Dist. LEXIS 7486 (N.D. Ill. Apr. 28, 2004) (disagreeing with Plaintiff's argument that providing all relevant information is conceptually distinct from a CRA's obligation to provide notice); *Moline v. Trans Union, LLC*, 2003 U.S. Dist. LEXIS 13825, *7 (N.D. Ill. Aug. 6, 2003) (finding that Plaintiff's allegation that a CRA "failed to provide all relevant information provided by the plaintiff regarding the dispute . . . to the furnishing entities" suggests that Plaintiff failed to provide notice).

Moreover, even if notice is provided, under FCRA, "[l]iability . . . does not arise simply from the appearance of an error or misreported item on a consumer's credit report; rather, liability attaches when the CRA or furnisher fails to conduct a *reasonable* reinvestigation into a disputed item." *Aviles*, 521 F.Supp. 2d at 525 (internal citations omitted) (emphasis added).

Further, FCRA "does not hold a furnisher of information strictly liable for its own errors, much less the errors that might emanate from a CRA or a third party." *Id.*

While Plaintiff alleges, upon information and belief, that the CRAs "forwarded Plaintiff's disputes to Flagstar" and "Flagstar was provided notice of Plaintiff's disputes," (Amend. Compl. ¶ 30), Plaintiff also acknowledges that the notice, upon which she seeks to rely, was defective. Specifically, Plaintiff states that the CRAs "fail[ed] to provide to Flagstar all relevant information regarding the Plaintiff's dispute." (Amend. Compl. ¶ 42.) Unless Plaintiff can allege that a Credit Reporting Agency provided all relevant information to Flagstar in accordance with 15 U.S.C. § 1681i(a)(2), Plaintiff has no claim for the alleged failure to fully and properly investigate Plaintiff's dispute. Further, Plaintiff's notifying Flagstar herself does not insulate her from the Amended Complaint's infirmity, as notice to the furnisher does not trigger FCRA liability; unless notice is provided by a CRA, that notice is ineffective to trigger any duty under § 1681s-2(b). See, e.g., *Yelder*, 131 F.Supp. 2d at 1289. Accordingly, Plaintiff fails to assert a claim upon which relief can be granted and Count VI of the Amended Complaint should be dismissed.

  **B.**   **Because Plaintiff Alleges That The CRAs Failed to Provide All Relevant Information of Plaintiff's Dispute, Count VII of the Amended Complaint Also Fails to State a Claim for Violation of FCRA, 15 U.S.C. § 1681s 2(b)(1)(B).**

In Count VII of her Amended Complaint, Plaintiff alleges that Flagstar violated FCRA, 15 U.S.C. § 1681s-2(b)(1)(B), by "failing to review all relevant information provided by the consumer reporting agencies." (Amend. Compl. ¶ 63.) 15 U.S.C. § 1681s-2(b)(1) provides that "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall . . . (B) review all relevant information provided by the consumer

10

reporting agency pursuant to section 1681i(a)(2). . . ." Again, FCRA mandates that the notice shall include "all relevant information regarding the dispute that the agency has received from the consumer or reseller." 15 U.S.C. § 1681i(a)(2).

As in the previous Count, Plaintiff's claim here is defeated by her own pleading. Plaintiff specifically alleges that the CRAs "failed to provide to Flagstar all relevant information regarding the Plaintiff's dispute." (Amend. Compl. ¶ 42.) So, as in Count VI, the CRAs failed to provide notice by failing to provide all relevant information, and, therefore, Plaintiff's claim for violation of 1681s-2(b)(1)(B) also fails. Further, as outlined above, Plaintiff's alleged providing of notice to Flagstar does not insulate Plaintiff from the Amended Complaint's infirmity because notice to the furnisher does not trigger FCRA liability unless provided by a CRA, not by the consumer. Accordingly, Plaintiff fails to assert a claim upon which relief can be granted, and Count VII of the Amended Complaint should be dismissed.

C. **Because Plaintiff Alleges That The CRAs Failed to Provide All Relevant Information of Plaintiff's Dispute, Count VIII of the Amended Complaint Fails to State a Claim for Violation of FCRA, 15 U.S.C. § 1681s-2(b)(1)(C) and (D).**

In Count VIII of the Complaint, Plaintiff alleges that Flagstar violated FCRA, 15 U.S.C. § 1681s-2(b)(1)(C)-(D), by "publishing the Flagstar representations within Plaintiff's credit file with [the CRAs] without also including a notation that this debt was disputed pursuant to a settlement agreement and by failing to correctly report results of an accurate investigation to each other credit reporting agency." (Amend. Compl. ¶ 68.) Title 15 Section 1681s-2(b)(1) provides that "[a]fter receiving notice pursuant to section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall . . . (C) report the results of the investigation to the consumer reporting agency [and] (D) if the investigation finds that the information is incomplete or inaccurate, report

those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis . . . . " The notice shall include "all relevant information regarding the dispute that the agency has received from the consumer or reseller." 15 U.S.C. § 1681i(a)(2).

As in the previous Counts, Plaintiff's claim here is defeated by her own allegation that the CRAs "fail[ed] to provide to Flagstar all relevant information regarding the Plaintiff's dispute." (Amend. Compl. ¶ 42.) Accordingly, Plaintiff fails to assert a claim upon which relief can be granted for violation of § 1681s-2(b)(1)(C)-(D), and Count VII of the Amended Complaint should be dismissed as well.

### III. PLAINTIFF'S ALLEGATION THAT FLAGSTAR WAS NOT PROVIDED WITH ALL RELEVANT INFORMATION BY CRAs UNDERCUTS HER THEORY REGARDING THE LACK OF A REASONABLE INVESTIGATION.

If a Court determines that a furnisher has been provided notice by a CRA, the consumer still must show that the furnisher did not conduct a reasonable investigation. Any reasonable investigation "under § 1681s-2(b) is geared to the information provided by the CRA to the furnisher; if the CRA fails in its obligation to provide all relevant information regarding the dispute,' then there is a claim against the CRA but not the furnisher." *Chiang v. Verizon New Eng., Inc.*, 595 F.3d 26, 40 (1st Cir. 2010) (internal citations omitted). In other words, "a furnisher's obligation to conduct a reasonable investigation under § 1681s-2(b)(1)(A) arises when it receives a notice of dispute from a CRA [and] [s]uch notice must include 'all relevant information regarding the dispute that the [CRA] has received from the consumer." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009) (citations omitted). *See Ori v. Fifth Third Bank, & Fiserv, Inc.*, 603 F. Supp. 2d 1171, 1174 (E.D. Wis. 2009) ("Section 1681i(a)(2) requires the notice to the furnisher to come from the CRA and to 'include all relevant

12

information regarding the dispute that the [CRA] has received from the consumer.'"). In other words, there can be no unreasonable investigation by a furnisher if all relevant information has not been provided by a CRA.

The alleged failure of the CRSs to provide all relevant information, as affirmatively pled by Plaintiff, precludes a claim against Flagstar under FCRA, making her only viable FCRA one against the CRAs. Accordingly, Counts VI, VII, and VIII should each be dismissed with prejudice.

## CONCLUSION

For these reasons, Flagstar respectfully requests that this Court grant its Motion for Judgment on the Pleadings and dismiss Plaintiff's FCRA claims (Counts VI-VIII) with prejudice.

Respectfully submitted,

FLAGSTAR BANK, F.S.B.
By Counsel

February 10, 2012

NELSON MULLINS RILEY & SCARBOROUGH LLP

_____/s/_____
George E. Kostel, VSB No. 34757
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
Telephone: (202) 712-2800
Facsimile: (202) 712-2860
Email: george.kostel@nelsonmullins.com

*Counsel for Defendant Flagstar Bank, F.S.B.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2012, Flagstar Memorandum in Support of Its Motion for Partial Judgment was hand delivered and electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Kristi Cahoon Kelly
>SUROVELL ISAACS PETERSEN & LEVY, PLC
>4010 University Drive, Second Floor
>Fairfax, Virginia  22030

And sent by first-class mail, postage prepaid, to:

>Leonard A. Bennett
>CONSUMER LITIGATION ASSOCIATES, P.C.
>12515 Warwick Boulevard, Suite 100
>Newport News, Virginia  23505
>
>Matthew James Erausquin
>CONSUMER LITIGATION ASSOCIATES, PC
>1800 Diagonal Road, Suite 600
>Alexandria, VA  22314
>
>*Counsel for Plaintiff Sandra J. Berrios*
>
>David Neal Anthony
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>P.O. Box 1122
>Richmond, VA  23219
>
>Syed Mohsin Reza
>TROUTMAN SANDERS LLP
>1660 International Drive
>Suite 600
>McLean, VA  22102
>
>*Counsel for Defendant Experian Information Solutions, Inc.*
>Grant Edward Kronenberg
>MORRIS & MORRIS PC
>11 South 12th Street
>P.O. Box 30
>Richmond, VA  23218
>
>*Counsel for Defendant Trans Union, LLC*

~#4850-6337-9470 v.4~

John Willard Montgomery, Jr.
MONTGOMERY & SIMPSON, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230

*Counsel for Defendant Equifax Information Services, LLC*

/s/
George E. Kostel, Esq., VSB No. 34757
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone: (202) 712-2800
Facsimile: (202) 712-2860
Email: george.kostel@nelsonmullins.com

*Counsel for Defendant Flagstar Bank, F.S.B.*