# Kristi Cahoon Kelly

| | |
|---|---|
| From: | Kathryn Scott [Kathryn.Scott@nelsonmullins.com] on behalf of George Kostel [George.Kostel@nelsonmullins.com] |
| Sent: | Wednesday, February 08, 2012 10:47 AM |
| To: | lenbennett@clalegal.com; Kristi Cahoon Kelly |
| Cc: | Scott Surovell |
| Subject: | Multiple Deposition Notices Served on Flagstar |
| Attachments: | 2 8 letter Bennett and Kelly.pdf |

Attached please find correspondence from George Kostel.

Best regards,

*Kathryn Ann Scott*
Administrative Assistant
 to George E. Kostel
Nelson Mullins Riley & Scarborough LLP
101 Constitution Avenue, N.W.
Suite 900
Washington, D.C. 20001
(202) 712-2891
kathryn.scott@nelsonmullins.com

===========================================================================

```
Confidentiality Notice

This message is intended exclusively for the individual or
entity to which it is addressed.  This communication may
contain information that is proprietary, privileged,
confidential or otherwise legally exempt from disclosure.

If you are not the named addressee, you are not authorized
to read, print, retain, copy or disseminate this message
or any part of it.  If you have received this message in
error, please notify the sender immediately either by
phone (800-237-2000) or reply to this e-mail and delete
all copies of this message.

To ensure compliance with the requirements imposed by the
IRS, we inform you that any U.S. federal tax advice
contained in this communication (including the
attachments) is not intended or written to be used, for
the purpose of (a) avoiding penalties under the Internal
Revenue Code or (b) promoting, marketing or recommending
to another party any transaction or tax-related matter[s].
To provide you with a communication that could be used to
avoid penalties under the Internal Revenue Code will
necessarily entail additional investigations, analysis and
conclusions on our part.
```
===========================================================================

1

# Nelson
# Mullins

**Nelson Mullins Riley & Scarborough LLP**
Attorneys and Counselors at Law
101 Constitution Avenue, NW / Suite 900 / Washington, DC 20001
Tel: 202.712.2800 Fax: 202.545.2958
www.nelsonmullins.com

George E. Kostel
Tel: 202.545.2969
Fax: 202.545.2958
george.kostel@nelsonmullins.com

February 8, 2012

VIA ELECTRONIC AND REGULAR MAIL

Leonard A. Bennett, Esq.
Consumer Litigation Associates
753 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601

Kristi C. Kelly, Esq.
Surovell, Isaacs, Petersen & Levy, PLC
4010 University Drive, Suite 200
Fairfax, VA 22030

Re: *Sandra J. Berrios v. Experian Information Solutions, Inc., et al.*
U.S. District Court for the Eastern District of Virginia;
Civil Action No. 1:11-cv-01130-AJT-IDD:
Multiple Deposition Notices Served on Flagstar

Dear Len and Kristi:

I received two deposition notices Monday indicating that you intend to take multiple depositions of Flagstar. The first, a notice issued pursuant to Rule 30(b)(1) and served on me as counsel for Flagstar (the "30(b)(1) Notice"), is directed to "all ACDV operators [at Flagstar] who processed the Plaintiff's disputes." The deposition is to take place at the offices of Plaintiff's Fairfax, VA counsel. The second notice of deposition that I received requests a corporate designee of Flagstar to testify on February 16, 2012 on approximately 27 topics pursuant to Fed. R. Civ. P. 30(b)(6) (the "30(b)(6) Notice"), also in the offices of Plaintiff's Northern Virginia counsel. I am writing to object for a variety of reasons.

First, the depositions were noticed to take place in Virginia, not in Michigan where Flagstar resides. You have not identified any exception to the general rule that a corporation is to be deposed at its principal place of business. Consequently, if you still desire a corporate deposition, Flagstar will appear to testify where it principally does business in Troy, Michigan. *See In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471-72 (E.D. Va. 2010).

Secondly, the 30(b)(1) Notice seeks testimony from lower-level employees, who are not in Flagstar's control group, and who also do not reside in Virginia. They will need to be subpoenaed and will count against the Court's non-party deposition limit. I am working to

Leonard A. Bennett, Esq.
Kristi C. Kelly, Esq.
February 8, 2012
Page 2

confirm their identities but it is apparent that none of them, even if they remain employed by Flagstar, are officers, directors, or managing agents.

    Lastly, the 30(b)(6) Notice gives inadequate notice and is overbroad given the relatively brief period of time that is involved in the case. *E.g.*, Topic No. 2 (requesting testimony on all FCRA lawsuits since 2007). Other examples include Topics 11 (all audits of employees who handle ALDV disputes), 13 (compensation of employees involved in investigation), and 17 ("everything" that was done regarding alleged disputes by Plaintiff), 26-27 (every "mistake" Flagstar made or any unintended action). The Local Rules require a minimum of 11 days notice of a deposition. *See* Local Rule 30 (H). Your notice was mailed on February 3, meaning a deposition could not occur before February 17 per the requirements of Rule 6(d). Given the breadth of the topics, it is unreasonable to seek a comprehensive deposition of this type on a mere 10 days' notice. *See id.* (noting that 11 days may not be reasonable given the "complexity" of the testimony). Local Rule 30(H).

    I am happy to confer with you regarding the dates, location, and scope of depositions. Otherwise, I intend to involve the Court to get a ruling to that effect.

                                                    Very truly yours,

                                                    George E. Kostel

GEK:kas

cc:    Scott Surovell, Esq. (e-mail only)