IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| SANDRA J. BERRIOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:11-cv-01130-AJT-IDD |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## FLAGSTAR BANK'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Flagstar Bank, F.S.B. ("Flagstar") by counsel, pursuant to Fed. R. Civ. P. 33 and Local Rule 26, serves the following Responses to Plaintiff's First Set of Interrogatories, served on December 21, 2011.

### PRESERVATION OF CERTAIN OBJECTIONS

In providing these supplemental responses to Interrogatories, Flagstar reasserts and incorporates herein by reference, where relevant, its general and specific objections to Plaintiff's First Set of Interrogatories, which are set out in Flagstar Bank's Objections to Plaintiff's First Set of Interrogatories, served on January 9, 2012. Further, these answers supplement Flagstar's initial responses to Plaintiff's First Set of Interrogatories, served on January 23, 2012, and each response therein is restated and incorporated herein by reference. Each response herein is made subject to and without waiver of Flagstar's objections, as discussed with Plaintiff's counsel. In an effort to narrow their disputes while saving attorney



EXHIBIT
H

time and conserving resources, the parties met and conferred to determine the specific

information Plaintiff sought from Flagstar regarding her claims, as certain of her

Interrogatories overlapped and frequently requested the same information multiple times.

Flagstar agreed to provide this information a single time, and cross-reference its answer in

other, similar interrogatories.  Plaintiff concurred with this approach, and agreed to contact

Flagstar's counsel in the event she disagreed that the information sufficiently responded to the

duplicative Interrogatories and document requests.

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

1.      Separately state and describe each and every change which you have instituted

or made to your procedures and policies for reporting to the consumer reporting agencies

accounts that are in dispute before and following the date you first learned about the allegations

and/or legal holdings contained in the Fourth Circuit's decision in *Johnson v. MBNA Bank,

N.A.* No. 03-1235, (decided February 11, 2004) or *Saunders v. Branch Banking and Trust Co.

of Virginia*, No. 07-1109 (decided May 14, 2008). For each change, identify all persons who

participated in your decision to make the change and all documents which evidence or regard

it.

**RESPONSE:**  Subject to and without waiver of its General and Specific Objections,

Flagstar states that the answer to this interrogatory may be determined by examining or

summarizing a party's business records, namely, the credit policies and training manuals being

produced by Flagstar in this action at Bates Nos. FSB 000598 - 913, which are designated as

confidential, and the burden of deriving or ascertaining the answer will be substantially the

same for Plaintiff as for Flagstar.  Flagstar further states that it monitors developments in the

law with respect to the Fair Credit Reporting Act, in particular through guidelines published by

regulators, but Flagstar does not necessarily make procedure or policy changes based on each specific case concerning the Fair Credit Reporting Act.

2.      Since September 1, 2009, did you provide or verify any information related or attributed to the Plaintiff to any consumer reporting agency? If so, identify all such persons, the reason any such information was provided to each person, the manner in which you were requested to provide any such information, and, for each separate month, specifically state the content of the METRO-2 fields provided to any such agency.

**RESPONSE:**  Subject to and without waiver of its General and Specific Objections, Flagstar states that it provided information related to Plaintiff's loan to Experian, TransUnion, and Equifax.  Specifically, Flagstar made reports to credit reporting agencies as is reflected in the documents produced at Bates Nos. FSB 000574 - 579.  Flagstar also responded to inquires from Experian, TransUnion, and Equifax via submission of Universal Data Forms upon which credit information was transmitted.  Hardcopy versions of documents provided to the credit reporting agencies have been produced or are being produced by Flagstar.  With respect to the information set forth on the Universal Data Forms, the answer to this interrogatory may be determined by examining or summarizing a party's business records, namely, the credit reporting files produced by Flagstar and the codefendants in this action, and the burden of deriving or ascertaining the answer will be substantially the same for Plaintiff as for Flagstar.

3.      Did you ever receive any written or non-written communication from any other person pertaining to the Plaintiff? If so, specifically list and identify each such communication. For non-written communication, state the content of each such communication.  For written communications, identify the document and the date of receipt for each document so identified.

**RESPONSE:** Subject to and without waiver of its General and Specific Objections, Flagstar states that it received the written inquiries from Experian, TransUnion, and Equifax referred to in response to Interrogatory No. 4.   Flagstar also received the written correspondence from Plaintiff and her counsel produced at Bates Nos. FSB 000587-94.  With respect to the information set forth in those documents, the answer to this interrogatory may be determined by examining or summarizing a party's business records, namely, the credit reporting files produced by Flagstar and the codefendants in this action, and the burden of deriving or ascertaining the answer will be substantially the same for Plaintiff as for Flagstar.

4.   With regard to any ACDV or other notice of dispute received from any consumer reporting agency regarding the Plaintiff, and the subsequent investigation, if any, that you performed regarding information reported by you:

- identify all persons who conducted or participated in the investigation including their names, employers, work and home addresses (unless counsel will accept service of process), and methods and rates of pay;

- identify the date of the investigation and all written and non-written communications pertaining to the investigation;

- describe all procedures you used in conducting the investigation; and identify all steps you took with respect to the Plaintiffs file following the investigation.

**RESPONSE:** Subject to and without waiver of its General and Specific Objections, Flagstar states the following: Plaintiff's loan was sold or assigned under its original loan number, 501208279, to Nationstar and was later repurchased by Flagstar.   Following the repurchase, a new loan number of 000124054 was assigned.   Flagstar's Credit Research department received electronic disputes from the Credit Bureaus on June 16, June 22, July 21 and August 2011 for the new loan number, 000124054.   Angel Hall and Abdul Numan conducted the investigation with respect to the notices of dispute received from consumer

- 4 -

reporting agencies.  Both Ms. Hall and Mr. Numan are employed by Flagstar and have the title of Customer Service Research Representative, Credit Analyst.  These investigations were conducted at or about the time of the responses noted on the ACDVs produced by Flagstar. The investigators understood the nature of Plaintiff's dispute to be that the prior settlement precluded any derogatory reporting.  The investigators responded by submitting to the credit reporting agencies the forms produced by Flagstar.  Ultimately, Flagstar notified the credit reporting agencies that any derogatory information concerning Plaintiff's mortgage loan should be removed.

5.     To the extent not described in your response to Interrogatory No. 4, did you ever conduct any other investigations or reinvestigations of information placed in the Plaintiffs credit file? If so, for each such investigation or reinvestigation:

a.     identify all persons who conducted or participated in any such investigation or reinvestigation, including their names, employers, work and home addresses (unless counsel will accept service of process), and methods and rates of pay;

b.     identify the date of all such investigation or reinvestigation and all written and non-written communications pertaining to any such investigation or reinvestigation;

c.     describe the reason for any such investigation or reinvestigation;

d.     describe all procedures you use in conducting any such investigation or reinvestigation; and

e.     identify all steps you took with respect to the plaintiffs file following any such investigation or reinvestigation.

**RESPONSE:**  Subject to and without waiver of its General and Specific Objections, Flagstar states that it is unaware of any investigations other than those identified in the documents referenced in the response to Interrogatory No. 4.

7.     Separately state and describe each and every change which you have instituted or made to your procedures and policies for investigation of consumer disputes before and following the date you first learned about the decision of the Fourth Circuit in *Linda Slater (Linda Johnson) v. MBNA,* Eastern District of Virginia, Civ. No. 3:02cv523, regarding the duties of furnishers of credit information. For each change, identify all persons who participated in your decision to make the change and all documents which evidence or regard it.

**RESPONSE:**   Subject to and without waiver of its General and Specific Objections, Flagstar states that the answer to this interrogatory may be determined by examining or summarizing a party's business records, namely, the credit policies and training manuals being produced by Flagstar in this action at Bates Nos. FSB 000598 - 913, which are designated as confidential, and the burden of deriving or ascertaining the answer will be substantially the same for Plaintiff as for Flagstar.  Flagstar further states that it monitors developments in the law with respect to the Fair Credit Reporting Act, in particular through guidelines published by regulators, but Flagstar does not necessarily make procedure or policy changes based on each specific case concerning the Fair Credit Reporting Act.

8.     Please explain and describe each Consumer Dispute Verification or Automated Consumer Dispute Verification [CDV or ACDV] communication or other dispute communication you received from any consumer reporting agency that regarded the Plaintiff or any of her personal identifiers. For each such CDV, ACDV, or other dispute communication, please identify the agency, state the date the item was received and the date you issued any response, explain and describe the dispute conveyed, state what documents or computer files

you consulted or reviewed in conducting the investigation, and fully explain and describe the response[s] you provided to any agencies on each such occasion.

**RESPONSE:**  Subject to and without waiver of its General and Specific Objections, Flagstar states that the answer to this interrogatory may be determined by examining or summarizing the ACDVs produced by Flagstar, and the burden of deriving or ascertaining the answer will be substantially the same for Plaintiff as for Flagstar.  Flagstar also restates and incorporates herein its supplemental response to Interrogatory No. 12.

9.  Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiffs complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit, or any defense or allegation you have raised in this lawsuit. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain and describe the nature of each such statement by the person so identified. Please identify the lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial testimony, or report was made, taken, or occurred.

**RESPONSE:**  Subject to and without waiver of its General and Specific Objections, Flagstar states the following:

    Sandra J. Berrios
    7418 Rhondda Drive
    Lorton, V A 22079
    (703) 372-2157

Ms. Berrios is assumed to have knowledge of her allegations and claims in this action.

Flagstar Bank, FSB
c/o George E. Kostel
101 Constitution Avenue, NW
Suite 900
Washington D.C., 20001
(202) 545.2969

A corporate representative of Flagstar will have knowledge of Plaintiff's loan and its

defenses to this action.

Regina Page
Credit Analyst
Servicing Research Dept.
Flagstar Bank, FSB
Mailstop E-115-3
5151 Corporate Dr
Troy, MI 48098-2639

Ms. Page is an analyst in Flagstar's Servicing Research Department, and she has

knowledge of the credit reporting of Plaintiff's account.

Elaine A Skolnik
Vice President of Servicing Research
Flagstar Bank, FSB
Mailstop E-115-3
5151 Corporate Dr
Troy, MI 48098-2639

Ms. Skolnik is a manager in Flagstar's Servicing Research Department, and she has

knowledge of the credit reporting of Plaintiff's account.

Angel Hall
Customer Service Research Representative
Credit Analyst
Flagstar Bank, FSB
Mailstop E-115-3
5151 Corporate Dr
Troy, MI 48098-2639

Ms. Hall is a Flagstar employee who was involved in the investigation of the notices of

dispute received from credit reporting agencies with respect to Plaintiff's account.

- 8 -

Abdul Numan
Customer Service Research Representative – Credit Analyst
Flagstar Bank, FSB
Mailstop E-115-3
5151 Corporate Dr
Troy, MI 48098-2639

Mr. Numan is a Flagstar employee who was involved in the investigation of the notices

of dispute received from credit reporting agencies with respect to Plaintiff's account.

Experian Information Solutions, Inc.
P.O. Box 2002
Allen, TX 75013
(888) 397-3742

A corporate representative of Experian will have knowledge of what information

Experian provided to Flagstar and Flagstar's response to the same.

Equifax Information Services LLC
P.O. Box 105518
Atlanta, GA 30374
(800) 685-1111

A corporate representative of Equifax will have knowledge of what information Equifax

provided to Flagstar and Flagstar's response to the same.

Trans Union LLC
2 Baldwin Place
1510 Chester Pike
Crum Lynne, P A 19022
(610) 546-4600

A corporate representative of Equifax will have knowledge of what information Equifax

provided to Flagstar and Flagstar's response to the same.

Other names of the employees who work for defendant who may have knowledge of the

allegations and defenses in this case are contained in the documents produced in this matter.

Flagstar has not identified an expert witness at this time. Flagstar reserves the right to designate an expert in accordance with the Federal Rules of Civil Procedure and the Orders of the Court.

10.     Identify all documents prepared by or on behalf of you used in connection with the training, instruction, supervision, or evaluation of any of your employees or of any third party paid by you who is identified in your responses to these Interrogatories.

**RESPONSE:**  Subject to and without waiver of its General and Specific objections, Flagstar states that it used the credit policies and training manuals being produced by Flagstar in this action at Bates Nos. FSB 000598 - 913, which are designated as confidential, in the training, instruction, supervision, or evaluation of its employees with respect to credit reporting.

11.     State your net worth, gross revenue, and net revenue for fiscal and/or calendar years 2008, 2009, and 2010 and identify any annual report issued for either the fiscal or calendar years 2008, 2009, and 2010.

**RESPONSE:**  Subject to and without waiver of its General and Specific Objections, Flagstar states that it will produce copies of annual reports filed with the Securities and Exchange Commission for 2008, 2009, and 2010.

12.     Please list, explain, and describe each and every code contained in each reinvestigation record and file and retained computer record and screen/file you generated and accessed regarding Plaintiff or any account attributed to the plaintiff. For each such code, please also explain and describe, in detail, the purpose of such code, the content of such action, the duration of such action, and the reason you permitted such action or entry.

**RESPONSE:**  Subject to and without waiver of the foregoing general and specific objections, Flagstar states that its account status codes are reflected on the document produced by Flagstar at Bates No. FSB 000909, which has been produced as confidential. The remainder of the answer to this interrogatory may be determined by examining or summarizing a party's business records, namely, the credit reporting files produced by the codefendants in this action and the servicing notes produced by Flagstar, and the burden of deriving or ascertaining the answer will be substantially the same for Plaintiff as for Flagstar.

13.   State the factual basis of any and all defenses that you have asserted to the Plaintiffs Complaint. For each paragraph of Plaintiffs Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial. If you contend as one of your defenses that, as of the date of each ACDV received by you, the Plaintiff was delinquent in the payment of her mortgage loan state every single reason and fact and identify every single document that supports your contention.

RESPONSE:   Subject to and without waiver of its General and Specific Objections, Flagstar states the following: With respect to all of its affirmative defenses, Flagstar states that prior litigation between Plaintiff and Flagstar was resolved via a settlement that involved a loan modification. There was an inadvertent error in boarding Plaintiff's loan modification, which resulted in confusion concerning how Plaintiff's account was serviced and how her payments were processed and, ultimately, the status of Plaintiff's account.  Any investigations of the issue would have shown a delinquency because of the boarding problem.  Flagstar did not deliberately or willfully do or fail to do anything that resulted in harm to the Plaintiff. Further, Flagstar has reason to believe that Plaintiff was not as forthcoming with complete information as she might have been in resolving the issue and that, at least partially as a result

of the same, the issue was not resolved as quickly as it otherwise might have been. Finally, Flagstar notes that its reporting with respect to Plaintiff's account was consistent with the guidelines for reporting for loans subject to a forbearance agreement published by the CDIA.

With respect to its specific defenses, Flagstar's first affirmative defense is that the Complaint fails to state a claim against Flagstar with respect to alleged violations of the Fair Credit Reporting Act. That defense is based on prevailing law, which is articulated in Flagstar's Motion for Judgment on the Pleadings, filed on February 10, 2012. Flagstar further submits that, if the facts are as alleged by Plaintiff in her Complaint, then Flagstar also would be entitled to judgment as a matter of law under the summary judgment standard.

Flagstar's second affirmative defense is that if Plaintiff incurred any loss or damage as alleged in the Complaint, such loss or damage resulted from the acts or omissions of another party or parties over whom Flagstar neither exercised nor had any right of control, for which Flagstar is not responsible, and whose conduct Flagstar had no duty or reason to anticipate or control. That defense is premised upon Plaintiff's allegations, which indicate that the credit reporting agencies did not provide Flagstar with all relevant information concerning Plaintiff's dispute. Under the Fair Credit Reporting Act, Plaintiff is not permitted to bring a private cause of action based solely upon her disputing credit information with Flagstar.

Flagstar's third affirmative defense is that Plaintiff's claims are barred by the applicable statutes of limitations and repose and/or the doctrine of laches. Flagstar hereby withdraws its defenses based on the applicable statutes of limitations and the statutes of repose. With respect to the doctrine of laches, Flagstar states that the alleged problems with the reporting of Plaintiff's account began in late 2010, and Plaintiff did not bring suit until August of 2011.

Flagstar's fourth affirmative defense is that Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and consent. Flagstar hereby withdraws the defense of consent. With respect to the defense of waiver and estoppel, Flagstar restates and incorporates herein by reference the factual basis for its defenses set out above.

Flagstar's fifth affirmative defense is that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands. Flagstar restates and incorporates herein by reference the factual basis for its defenses set out above.

Flagstar withdraws its sixth affirmative defense of accord and satisfaction.

Flagstar's seventh affirmative defense is that Plaintiff failed to mitigate her alleged damages. The factual basis for this defense is that Plaintiff did not take all reasonable steps available to her to ensure that any mistakes in the reporting process were corrected early in the process. Flagstar restates and incorporates herein by reference the factual basis for its defenses set out above. Flagstar further states that it is unclear as to what damages Plaintiff is contending she suffered; accordingly, Flagstar reserves the right to supplement.

Flagstar's eighth, ninth, and tenth affirmative defenses are legal defenses.

With respect to Flagstar's eleventh and twelfth affirmative defenses, Flagstar restates and incorporates herein by reference the factual basis for its defenses set out above, as well as its answers to Interrogatories Nos. 1, 4, 7, 8, 15 and 16.

Discovery is still ongoing. Flagstar reserves the right to amend or supplement this response to reflect additional evidence learned in discovery.

14.     Identify each meeting, training program, document, or other communication since January 1, 2009 which you have regarding the establishment, maintenance, implementation, improvement, or modification of investigation procedures or of procedures

related to the submission and accuracy of data by you to the credit bureaus through Metro 1 or Metro 2, and identify any person(s) with knowledge of same and any document(s) regarding same.

**RESPONSE:**  Subject to and without waiver of its General and Specific Objections, Flagstar states that the answer to this interrogatory may be determined by examining or summarizing a party's business records, namely, the credit policies and training manuals being produced by Flagstar in this action at Bates Nos. FSB 000598 - 913, which are designated as confidential, and the burden of deriving or ascertaining the answer will be substantially the same for Plaintiff as for Flagstar.  Flagstar further states that it monitors developments in the law with respect to the Fair Credit Reporting Act, in particular through guidelines published by regulators, but Flagstar does not necessarily make procedure or policy changes based on each specific case concerning the Fair Credit Reporting Act.

15.    Please explain and describe each Universal Data Form or Automated Universal Data Form [UDF or AUDF] communication you provided to any consumer reporting agency that pertained to the plaintiff or any of her personal identifiers. For each such UDF, AUDF, or other reporting correction communication, please identify the agency[ies], state the date you issued the communication, explain and describe the correction requested by you and fully explain and describe the basis for such request.

**RESPONSE:**  Subject to and without waiver of its General and Specific Objections, Flagstar states that the answer to this interrogatory may be determined by examining or summarizing the UDFs produced by Flagstar, and the burden of deriving or ascertaining the answer will be substantially the same for Plaintiff as for Flagstar.  Further, Flagstar restates and incorporates herein by reference its responses to Interrogatories Nos. 4, 12, and 13.

16.   Describe in full detail every action you took in "investigating" the disputes made by the Plaintiff as alleged in the Complaint and explain and describe your reinvestigation procedures and policies regarding the contested credit reporting that you made to the consumer reporting agencies.

**RESPONSE:**  Subject to and without waiver of its General and Specific Objections, Flagstar restates and incorporates its responses to Interrogatories Nos. 4, 8, 12, 13, and 15.

21.   Identify for each month between August 2009 and December 2011 the reporting information submitted to the consumer reporting agencies for the *Flagstar* Mortgage account:

- August 2009;
- September 2009;
- October 2009;
- November 2009;
- December, 2009;
- January 2010;
- February 2010;
- March 2010;
- April 2010;
- May 2010;
- June 2010;
- July 2010;
- August 2010;
- September 2010;
- October 2010;

- November 2010;

- December 2010;

- January 2011;

- February 2011;

- March 2011;

- April 2011;

- May 2011;

- June 2011;

- July 2011;

- August 2011;

- September 2011;

- October 2011;

- November 2011;

- December 2011;

**RESPONSE:**  Subject to and without waiver of its General and Specific Objections,

Flagstar states that it provided information related to Plaintiff's loan to Experian, TransUnion,

and Equifax.  Specifically, Flagstar made reports concerning Plaintiff's account as is reflected

on the documents produced at Bates Nos. FSB 000574 - 579.  Flagstar also responded to

inquires from Experian, TransUnion, and Equifax via submission of Universal Data Forms

upon which credit information was transmitted.  Hardcopy versions of those Universal Data

Form submissions have been produced by Flagstar.  With respect to the information set forth

on the Universal Data Forms, the answer to this interrogatory may be determined by

examining or summarizing a party's business records, namely the credit reporting files

produced by Flagstar and the codefendants in this action, and the burden of deriving or ascertaining the answer will be substantially the same for Plaintiff as for Flagstar.

22.      State the complete history of the *Flagstar* account and detail all communications regarding same, to include all history on how the loan was originated, transacted, signed, placed in forbearance or modification, and list all persons involved in the history.

**RESPONSE:**   Subject to and without waiver of its General and Specific Objections, Flagstar states that the answer to this interrogatory may be determined by examining or summarizing the business records produced by Flagstar, and the burden of deriving or ascertaining the answer will be substantially the same for Plaintiff as for Flagstar.

Respectfully submitted,

FLAGSTAR BANK, F.S.B.
By Counsel

February 15, 2012

NELSON MULLINS RILEY & SCARBOROUGH LLP

George E. Kostel, VSB No. 34757
101 Constitution Avenue, N.W., Suite 900
Washington, D.C.  20001
Telephone:  (202) 712-2800
Facsimile:  (202) 712-2860
Email:  george.kostel@nelsonmullins.com

*Counsel for Defendant Flagstar Bank, F.S.B.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2012, Defendant Flagstar Bank's Responses to Plaintiff's First Set of Interrogatories was sent by electronic mail and mailed, first-class postage prepaid, to:

Kristi Cahoon Kelly
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030

and sent by first-class mail, postage prepaid to:

Leonard A. Bennett
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23505

Matthew James Erausquin
Consumer Litigation Associates, PC
1800 Diagonal Road, Suite 600
Alexandria, VA 22314

*Counsel for Plaintiff Sandra J. Berrios*

David Neal Anthony
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, VA 23219

Syed Mohsin Reza
Troutman Sanders LLP
1660 International Drive
Suite 600
McLean, VA 22102

*Counsel for Defendant Experian Information Solutions, Inc.*

Grant Edward Kronenberg
Morris & Morris PC
11 South 12th Street
P.O. Box 30
Richmond, VA 23218

*Counsel for Defendant Trans Union, LLC*

- 18 -

John Willard Montgomery, Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230

*Counsel for Defendant Equifax Information Services, LLC*

George E. Kostel, Esq., VSB No. 34757
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, D.C.  20001
Telephone:  (202) 712-2800
Facsimile:  (202) 712-2860
Email:  george.kostel@nelsonmullins.com

*Counsel for Defendant Flagstar Bank, F.S.B.*

~#4844-3305-8318 v.1 ~

- 19 -

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SANDRA J. BERRIOS,                          )
                                            )
              Plaintiff,                    )
                                            )
v.                                          )      Civil Action No. 1:11-cv-01130-AJT-IDD
                                            )
EXPERIAN INFORMATION                        )
SOLUTIONS, INC., *et al.*                   )
                                            )
              Defendants.                   )
_____     )

## VERIFICATION OF FLAGSTAR BANK'S RESPONSES AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

On behalf of Flagstar Bank, FSB, I have read the responses to Defendant's First Set of

Interrogatories, including the supplemental responses thereto.  Said responses were prepared by

or with the assistance of agents, employees or representatives of the company, or others believed

to have relevant information, and with the assistance and advice of counsel, upon which I have

relied.  The responses set forth herein, subject to inadvertent or undiscovered errors or omissions,

are based on and therefore necessarily limited by the records and information still in existence,

presently recollected, thus far discovered in the course of the preparation of these responses, and

currently available to the company.  Consequently, the company reserves the right to make any

changes in or remedy any omissions made therein if more accurate or complete information has

become available.  Subject to the limitations set forth herein, the said answers are true to the best

of my present knowledge, information and belief.

This the 14 day of February, 2012.

Elaine A. Skolnik, VP of Servicing Research

STATE OF MICHIGAN

COUNTY OF OAKLAND

The foregoing verification was sworn to and subscribed before me this _14_ day of

February, 2012.

Vanessa A. Lozzi

Notary Public

My Commission Expires:

_1 - 10 - 17_

VANESSA A. LOZZI
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES Jan 10, 2017
ACTING IN COUNTY OF Oakland

2