IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SANDRA J. BERRIOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:11-cv-01130-AJT-IDD |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

## FLAGSTAR'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Flagstar Bank, F.S.B. ("Flagstar"), by counsel, submits the following opposition to the Motion to Compel filed by Plaintiff Sandra Berrios ("Plaintiff") on February 16, 2012.

### INTRODUCTION

Flagstar has produced all responsive, non-privileged documents that it has concerning Ms. Berrios and the claims in her Complaint -- a total of nearly 2,000 pages of documents. Flagstar's counsel has repeatedly -- in both conversations and correspondence -- informed Plaintiff's counsel of this fact. *See* Exhibit 1 (Flagstar's February 16, 2012 letter). Plaintiff's present motion amounts to nothing more than a dispute over whether Flagstar can produce all responsive documents while maintaining its objections to the broad phrasing and unlimited temporal scope typical of the majority of Plaintiff's document requests.[1] Despite the objectionable phrasing of certain requests and her decision not to re-serve narrower requests,

---

[1] For example, Flagstar objected to Plaintiff's Request No. 28, seeking any Flagstar document that identifies <u>any</u> employee of Flagstar by his or her name, title, and job description. Responding to this request would entail production of any Flagstar internal email with an electronic signature block.

Plaintiff insists that Flagstar must provide further assurances that its production is complete by issuing a "blanket withdrawal" of its objections. Flagstar respectfully disagrees.

In fact, as indicated in Flagstar's February 16 letter, all responsive documents have been produced or the Requests withdrawn, for 25 of Plaintiff's 29 total Requests. The few remaining Requests concern matters far afield from this case, and fall into three categories -- two of which have already been addressed by the Court:

1. prior litigation and settlements (Request No. 27 and Interrogatory No. 17);

2. employee personnel files, evaluations, and related training materials (Requests Nos. 14 & 18); and

3. policies or practices that bear little or no relationship to Plaintiff's claims (Requests Nos. 9, 11, 12, 13, 15, 20, 23 and 25). *See* Exhibit 1 and Exhibit 2 (objections to document requests and interrogatories). With regard to the third category (Flagstar nevertheless produced relevant policies for all but one of these Requests).[2]

## ARGUMENT

### I. FLAGSTAR HAS PRODUCED ALL RESPONSIVE DOCUMENTS RELATED TO PLAINTIFF.

In this relatively straightforward case, Flagstar has already produced thousands of pages of material responsive to Plaintiff's often overbroad document requests. For example, in addition to all case-specific documents regarding Plaintiff's loan and her dealings with Flagstar, Flagstar has produced all of its practices regarding reporting, information regarding its IT systems, and practices related to its investigations and resolution of credit disputes.

It has done so after narrowing, by agreement with Plaintiff's counsel, the temporal scope of the Requests. *See* Exhibit 1. Plaintiff agreed that the Requests were overbroad as

---

[2] Requests Nos. 12 and 13, concerning changes to policy as a result of certain court cases, were addressed by the Court in connection with Plaintiff's 30(b)(6) Notice (topics 5 and 25). Flagstar provided policies but objected to providing correspondence regarding changes spawned by any specific event.

framed, and agreed to restrict the Requests to the period from January 1, 2008 to the present. Further, in producing the policies and practices that it did, Flagstar expressly informed Plaintiff's counsel that it was not producing, for example, every Information and Technology policy, or re-examination manual, or procedure that ever existed anywhere in the Bank -- which is what Request Nos. 9 (all manuals that explain "any codes within any computer program"), 20 (every manual "which lists, explains and/or describes any code contained in your customer information systems"), 23, and 25 (among others) called for. Plaintiff's counsel was satisfied and agreed to narrow the request accordingly.[3]

The only remaining Requests that have not been resolved by narrowing are:

1. Request Nos. 14, 18, which seek employee compensation, personnel files, evaluations, and corporate policies related to compensation, training and performance evaluation; and

2. Request No. 27, seeking all documents related to any settlement of FCRA litigation to which Flagstar has ever been a party.[4]

The Court has already ruled on these subjects. In granting in part Flagstar's motion to narrow Plaintiff's Rule 30(b)(6) deposition notice just last Friday, the Court found the subject of employee compensation to be irrelevant. *See* Exhibit 3 (Feb. 17 Order) and Exhibit 4 (topic No. 13 of Plaintiff's 30(b)(6) notice requesting designee on "compensation of each Flagstar employee or ex-employee who did participate in the investigation of Plaintiff's disputes"). It also ruled that employee compensation, evaluations -- and policies and practices regarding

---

[3] While the request was narrowed by agreement, Flagstar did not demand that the Request be reissued using the narrowed language. In addressing Flagstar's objections, however, Plaintiff insists that, even though the objections meet the Request as currently framed, the objections must be withdrawn completely. This position would fail to address the reality of the positions that the parties have taken and would leave Flagstar subject to Plaintiff unilaterally changing its position.

[4] The case law cited by Plaintiff does not support Plaintiff's position, on pages 20 and 21 of her Memorandum, that she is entitled to information concerning every potential filing against Flagstar concerning FCRA. For example, the *Grizzard* and *Mullins* cases cited by Plaintiff involved other court FCRA *orders* entered against the defendants in those cases on FCRA cases. Such information would be publicly available, and, in any event, Plaintiff has not propounded a document request for orders. *See* Request No. 27 (requesting settlements).

them -- were not relevant. Employee personnel files are equally irrelevant, and contain obviously very sensitive personal information. Finally, those Requests are duplicative of other discovery already served by Plaintiff, in that she has specifically sought depositions of the employees who have been identified as having investigated her disputes. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (limiting discovery that is cumulative or more readily available from other sources, *e.g.*, testimony).

As to the request for information regarding other litigation, the Court has already ruled that, after narrowing Plaintiff's original Request, limiting it to a deposition topic covering the past three years of specific litigation. *See* Exhibit 3 Order (Docket No. 69). Producing all settlement agreements, court transcripts, or any other documents for these cases since the bank's inception would be both duplicative, unduly burdensome, and designed to harass and cause needless expense to Flagstar, which are the precise objections Flagstar asserted. Upon eliciting the testimony during the Flagstar 30(b)(6) deposition regarding the cases, Plaintiff is free to invest her own resources in obtaining pleadings or transcripts as she sees fit. Taken literally, Request No. 1 -- seeking all documents referred to in interrogatory answers -- would require Flagstar to produce every discovery document, pleading, or transcript in any FCRA case against it in the past five years. The burden of compiling and copying these public documents should not be shouldered by Flagstar alone so that Plaintiff obtains all of these materials for free.[5]

---

[5] Consistent with this Court's reasoning declining a broad inquiry into prior litigation, the court in *Moses v. State Farm Mut. Ins. Co.*, 104 F.R.D. 55, 58 (N.D. Ga. 1984), denied a motion to compel with regard to an interrogatory requesting the total number of no-fault claims where benefits were paid in full after a lawsuit was filed. The court stated that "Defendant's conduct regarding the insurance claims of others is of no consequence to this case. Plaintiff can determine the reasons for Defendant's conduct regarding her claim by deposition of Defendant's employees and others who were involved in the decision not to pay the amounts in question." *Moses*, 104 F.R.D. at 57.

II.     FLAGSTAR'S INTERROGATORY RESPONSES ARE SUFFICIENT, AND PROPERLY INCORPORATE DOCUMENTS PRODUCED.

Though the parties never met and conferred on the subject of Flagstar's interrogatory responses as required by Local Rule 37(E), Flagstar has provided the information requested as narrowed in its discussions with Plaintiff's counsel. *See* Exhibit 5 (Flagstar's February 15 letter and supplemental responses).

After providing supplemental interrogatory answers on February 8, Flagstar never discussed those answers with Plaintiff's counsel. Within 10 minutes of receiving those supplemental answers and documents, Plaintiff's counsel, Ms. Kelly, requested a meet and confer within a few hours. The only subject discussed was whether Flagstar would offer a blanket withdrawal of its objections to document requests. No mention was made of interrogatory answers. In a call the following day, the same single issue was discussed.

In an attempt to narrow the areas of disagreement, Flagstar exchanged three letters on the subject with Plaintiff's counsel and was clear on the information provided. In its letter of February 16, 2012, before this motion was filed, Flagstar once again asked about any additional information Plaintiff was seeking, yet required no response about further supplemental interrogatory answers. In fact, Plaintiff never wrote a single letter addressing further supplemental interrogatory answers.

In any event, the information provided in the Interrogatory answers, combined with the documents produced, is more than sufficient to describe what occurred in this relatively compressed period of time during which Plaintiff's loan modification was in place. Flagstar directed Plaintiff to the information not only with a number of narratives about what occurred during the nine or so months she was a Flagstar customer, it pointed to specific documents,

each identified by Bates Number, on which it relied for its statements or descriptions of what happened.

The burden of requiring further responses that simply reiterate what is in the thousands of documents already produced would be inappropriately shifted to Flagstar if further narrative is required. Moreover, the magnitude or complexity of the case does not justify further articulation of the events beyond what has been provided. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(iii) (limiting discovery when burden outweighs expense when taking into account the amount in controversy and the importance of the discovery to the issues). Flagstar's multiple descriptions of the occurrences during the nine or so months that are at issue in this case will not get any clearer by repeating it.

## CONCLUSION

For these reasons and those stated at oral argument, Flagstar requests that Plaintiff's motion to compel be denied.

Respectfully submitted,

FLAGSTAR BANK, F.S.B.
By Counsel

February 22, 2012

NELSON MULLINS RILEY & SCARBOROUGH LLP

_____/s/_____
George E. Kostel, VSB No. 34757
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
Telephone: (202) 712-2800
Facsimile: (202) 712-2860
Email: george.kostel@nelsonmullins.com

*Counsel for Defendant Flagstar Bank, F.S.B.*

CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2012, Flagstar's Opposition to Plaintiff's Motion to Compel was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Kristi Cahoon Kelly
>SUROVELL ISAACS PETERSEN & LEVY, PLC
>4010 University Drive, Second Floor
>Fairfax, Virginia 22030
>
>Leonard A. Bennett
>CONSUMER LITIGATION ASSOCIATES, P.C.
>12515 Warwick Boulevard, Suite 100
>Newport News, Virginia 23505
>
>Matthew James Erausquin
>CONSUMER LITIGATION ASSOCIATES, PC
>1800 Diagonal Road, Suite 600
>Alexandria, VA 22314
>
>*Counsel for Plaintiff Sandra J. Berrios*
>
>David Neal Anthony
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>P.O. Box 1122
>Richmond, VA 23219
>
>Syed Mohsin Reza
>TROUTMAN SANDERS LLP
>1660 International Drive
>Suite 600
>McLean, VA 22102
>
>*Counsel for Defendant Experian Information Solutions, Inc.*
>
>Grant Edward Kronenberg
>MORRIS & MORRIS PC
>11 South 12th Street
>P.O. Box 30
>Richmond, VA 23218
>
>*Counsel for Defendant Trans Union, LLC*

John Willard Montgomery, Jr.
MONTGOMERY & SIMPSON, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230

*Counsel for Defendant Equifax Information Services, LLC*

/s/
George E. Kostel, Esq., VSB No. 34757
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone: (202) 712-2800
Facsimile: (202) 712-2860
Email: george.kostel@nelsonmullins.com

*Counsel for Defendant Flagstar Bank, F.S.B.*

~#4850-5139-3294 v.1~