# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SANDRA J. BERRIOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:11-cv-01130-AJT-IDD |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT FLAGSTAR BANK'S OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Flagstar Bank, F.S.B. ("F.S.B."), by counsel, pursuant to Fed. R. Civ. P. 34 and Local Rule 26(C), serves the following objections to Plaintiff's First Request for Production of Documents, served on December 21, 2011.

## GENERAL OBJECTIONS

1. These responses are made without waiver of, and with preservation of:

a. All questions as to competency, relevancy, materiality, privilege, authenticity, and admissibility of each response and the subject matter thereof as evidence for any purpose in any further proceedings in this matter and in any other lawsuit or proceeding.

b. The objection that the discovery requests are not reasonably calculated to lead to the discovery of admissible evidence;

c. The right to object to the use of any response, or the subject matter (including in the trial of this matter), and in any other lawsuit or proceeding;

d.      The right to object to the requests to the extent that they are vague, ambiguous, Flagstar objects to this request as overbroad. or unduly burdensome;

e.      The right to object to the requests to the extent that they seek information not in the Trust's possession, custody or control; and

2.      Flagstar objects to each of the requests to the extent that they request information and/or documents which precede the Relevant Period.  These requests seek information and documents which would be unduly burdensome to produce, or is overly broad, irrelevant, immaterial, prejudicial, and is not reasonably calculated to lead to the discovery or admissible evidence.

3.      Flagstar objects to the requests to the extent they seek legal conclusions, reasoning, or argument.

4.      Flagstar objects to all of the requests to the extent they seek information protected from discovery by the attorney-client-privilege, the work product doctrine, the joint defense or common-interest privilege, or any other applicable privilege or protection (collectively "privileged information").  Thus, it will not identify any information or document (or other material) created or obtained by counsel in furtherance of their investigation and litigation of this case.  Inadvertent production by Flagstar of any privileged or protected documents shall not be deemed a waiver of such privilege, protection or related objections.

5.      Flagstar objects to the requests to the extent that they are compound and/or contain impermissible subparts.

6.      The responses of Flagstar are made without waiver of, and with preservation of these Objections.  They are noted specifically below where appropriate.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Produce all documents identified in your answers to Plaintiff's First Set of Interrogatories.

**RESPONSE:** No objection.

2.    Produce all documents in your possession with regard to the Plaintiff or the subject of this suit.

**RESPONSE:** Flagstar objects to this Interrogatory as it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

3.    Produce all correspondence between you and any co-defendant or the Plaintiff, which regard the subject of this lawsuit or the Plaintiff.

**RESPONSE:** Flagstar objects to this Request as it is overbroad and to the extent it calls for the disclosure of privileged information.

4.    Produce all correspondence between you and the Plaintiff, which regard the subject of this lawsuit or the Plaintiff.

**RESPONSE:** Flagstar objects to this Request as it is overbroad and to the extent it calls for the disclosure of privileged information.

5.    Produce all documents that were mailed, e-mailed or otherwise delivered to you by the Plaintiff or any co-Defendant that regard the subject of this lawsuit or the Plaintiff.

**RESPONSE:** Flagstar objects to this Request to the extent the requested documents are not in Flagstar's possession, custody, or control.

6.    Produce all documents or exhibits that you intend to produce at trial.

**RESPONSE:** Flagstar objects this Request to the extent this Request calls for the disclosure of privileged information.

7.    Produce all documents that detail or describe your procedures for compliance with 15 U.S.C. §1681s-2(b), since January 1, 2008.

**RESPONSE:** Flagstar objects this Request, as it seeks information not relevant to this litigation.

8.    Produce all documents that contain the Plaintiff's name, social security number, and/or address.

**RESPONSE:** Flagstar objects to this Request as it is overbroad, and because it seeks information not relevant to this litigation.

9.    Produce all manuals that describe, detail or explain the operation of or any codes within any computer program or software in which data has been compiled, created stored or organized pertaining to the Plaintiff or any account(s) attributed or related to her.

**RESPONSE:** Flagstar objects to this Request as it is overbroad, and because it seeks information not related to or relevant to this litigation.

10.   Produce all documents pertaining to or containing explanation(s), instruction(s) or procedure(s) for your reporting of credit information or investigation of credit information disputes.

**RESPONSE:** Flagstar objects to this Request as it is overbroad, and because it seeks information not relevant to this litigation, and is otherwise unduly burdensome.

11.   Produce all manuals, instructional materials, training videos or tapes or other documents provided to you by *Experian, Trans Union and Equifax* that pertain to your credit reporting procedures and/or your compliance with the Federal Fair Credit Reporting Act.

**RESPONSE:** Flagstar objects to this Request as it is overbroad and unduly burdensome.

12.   Produce all minutes, memos, letters, emails or other documents, electronic or non-electronic which pertain to or regard each and every occasion on which any of your employees or agents has communicated or met with any employee or agent of Experian regarding the allegations, facts, positions, findings, holdings, verdict, decisions or opinions which were presented, made, asserted, rendered or written by Linda Slater (Linda Johnson), MBNA or the District Court or Court of Appeals in the case *Linda Slater (Linda Johnson) v. MBNA,* Eastern District of Virginia, Civ. No. 3:02CV523.

**RESPONSE:** Flagstar objects to this Request as it is overbroad, unduly burdensome, and because it calls for the disclosure of privileged information.

13.     Please produce every document that regards and/or describes each and every change which you have instituted or made to your procedures and policies for creating and/or publishing consumer reports or the reinvestigation of consumer disputes after the Sixth Circuit's decision in *Johnson v. MBNA*.

**RESPONSE:** Flagstar objects to this Request as it is overbroad, unduly burdensome, and because it calls for the disclosure of privileged information.

14.     Produce the personnel file(s) of each of your employees who ever conducted an investigation or reinvestigation of any information ever placed in the Plaintiff's file or regarding the Plaintiff or any account, which you had attributed to her.

**RESPONSE:** Flagstar objects to this Request because it seeks information not relevant to this litigation.  Flagstar further objects to this Request as it is overbroad, and as it may violate federal privacy laws.

15.     Produce every manual or other document which explains and/or describes when, how and under what circumstances you archive, retain or capture account data in any file bearing any of Plaintiff's personal identifiers.

**RESPONSE:** Flagstar objects to this Request as it is overbroad.

16.     Produce each Consumer Dispute Verification or Automated Consumer Dispute Verification [CDV or ACDV] communication or other dispute communication you received from any consumer reporting agency that regarded the Plaintiff or any of her personal identifiers.

**RESPONSE:** Flagstar objects to this Request as it is overbroad.

17.   Produce for each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit, produce a copy of any affidavit, deposition, transcript, or report which contains the testimony or opinion(s) of such witness and which has been previously furnished to the court or opposing counsel in such case.

**RESPONSE:** Flagstar objects to this Request as it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

18.   Produce all documents prepared by you or on your behalf used in connection with the training, instruction, supervision or evaluation of any of your employees or of any third party paid by you identified in your responses to these interrogatories.

**RESPONSE:** Flagstar objects to this Request as it is overbroad.

19.   Produce your annual report issued for the fiscal or calendar years 2008, 2009 and 2010. (In lieu of producing such documents, you may produce a written stipulation of the amount of your Net Worth as of January 1, 2011).

**RESPONSE:** Flagstar objects to this Request as it is overbroad, and because it seeks information not relevant to this litigation.

20.     Produce every manual or other document which lists, explains and/or describes any code contained in your customer information systems, any reinvestigation record or file, and any other retained computer record and/or screen/file you generated and accessed regarding Plaintiff or any account attributed to the Plaintiff.

**RESPONSE:** Flagstar objects to this Request as it is overbroad, and because it seeks information not relevant to this litigation.

21.     Produce your complete procedures manual for reinvestigations, including all revisions since January 1, 2008.

**RESPONSE:** Flagstar objects to this Request as it is overbroad, and because it seeks information not relevant to this litigation.

22.     Produce every single document that supports your contention that the Plaintiff is delinquent on the payment of her mortgage account that was the subject of disputes and her dispute letters to the credit bureaus.

**RESPONSE:** Flagstar objects to this Request as it is overbroad.

23.     Produce any document that you have regarding the establishment, maintenance, implementation, improvement or modification of investigation procedures or of procedures related to the submission and accuracy of data by you to the credit bureaus through Metro 1 or Metro 2.

**RESPONSE:** Flagstar objects to this Request as it is overbroad.

24.    Produce each Universal Data Form or Automated Universal Data Form [UDF or AUDF] communication you provided to any consumer reporting agency that pertained to the Plaintiff or any of her personal identifiers.

**RESPONSE:** Flagstar objects to this Request as it is overbroad, and because it seeks information not relevant to this litigation.

25.    Produce every document, internal memorandum, e-mail or other electronic communications through which you or your employees discussed your maintenance, modification and/or creation of your reinvestigation procedures.

**RESPONSE:** Flagstar objects to this Request as it is overbroad, and because it seeks information not relevant to this litigation.

26.    Produce the mortgage documents, monthly statements and any other documents that pertain to the mortgage account.

**RESPONSE:** Flagstar objects to this Request as it is vague -- a specific mortgage account is not identified, nor is the term "other documents that pertain" defined.

27.    Produce any settlement agreement in which you have been a party that disposed of any lawsuit in which you have been sued for your alleged violation of 15 U.S.C. §1681s-2.

**RESPONSE:** Flagstar objects to this Request as it is overbroad, and because it seeks information not relevant to this litigation.  Nor is this Request reasonably calculated to lead to the discovery of admissible evidence.

28.     Produce any documents that list the names, positions and job descriptions of all of your employees.

**RESPONSE:**  Flagstar objects to this Request as it is overbroad, not reasonably calculated to lead to the discovery of evidence, and unduly burdensome.

29.     Please produce any document that details and describes the organizational structure of your company.

**RESPONSE:**  Flagstar objects to this Request as it is overbroad, and because it seeks information not relevant to this litigation.

Respectfully submitted,

FLAGSTAR BANK, F.S.B.
By Counsel

January 9, 2012

NELSON MULLINS RILEY & SCARBOROUGH LLP

George E. Kostel, VSB No. 34757
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
Telephone:  (202) 712-2800
Facsimile:  (202) 712-2860
Email:  george.kostel@nelsonmullins.com

*Counsel for Defendant Flagstar Bank, F.S.B.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2012, Defendant Flagstar Bank's Objections to Plaintiff's First Request for Production of Documents was mailed, first-class postage prepaid, to:

Kristi Cahoon Kelly
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia  22030

Leonard A. Bennett
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia  23505

Matthew James Erausquin
Consumer Litigation Associates, PC
1800 Diagonal Road, Suite 600
Alexandria, VA  22314

*Counsel for Plaintiff Sandra J. Berrios*

David Neal Anthony
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, VA  23219

Syed Mohsin Reza
Troutman Sanders LLP
1660 International Drive
Suite 600
McLean, VA  22102

*Counsel for Defendant Experian Information Solutions, Inc.*

Grant Edward Kronenberg
Morris & Morris PC
11 South 12th Street
P.O. Box 30
Richmond, VA  23218

*Counsel for Defendant Trans Union, LLC*

John Willard Montgomery, Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230

*Counsel for Defendant Equifax Information Services, LLC*

George E. Kostel, Esq., VSB No. 34757
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, D.C.  20001
Telephone:  (202) 712-2800
Facsimile:  (202) 712-2860
Email:  george.kostel@nelsonmullins.com

*Counsel for Defendant Flagstar Bank, F.S.B.*

~#4812-2472-5006 v.1~

- 12 -

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SANDRA J. BERRIOS,                          )
                                            )
                    Plaintiff,              )
                                            )
v.                                          )        Civil Action No. 1:11-cv-01130-AJT-IDD
                                            )
EXPERIAN INFORMATION                        )
SOLUTIONS, INC., *et al.*                   )
                                            )
                    Defendants.             )
_____        )

## FLAGSTAR BANK'S OBJECTIONS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Flagstar Bank, F.S.B. ("Flagstar") by counsel, pursuant to Fed. R. Civ. P.

33 and Local Rule 26(C), serves the following Objections to Plaintiff's First Set of

Interrogatories, served on December 21, 2011.

### GENERAL OBJECTIONS

1.     Flagstar objects to each Interrogatory to the extent it purports to impose on

Flagstar or any third party obligations that exceed those contained in the Federal Rules of Civil

Procedure or the Local Rules of this Court.

2.     These responses are made without waiver of, and with preservation of:

a.     All questions as to competency, relevancy, materiality, privilege,

authenticity, and admissibility of each response and the subject matter thereof as evidence for

any purpose in any further proceedings in this matter and in any other lawsuit or proceeding.

b.     The objection that the discovery requests are not reasonably calculated to lead to the discovery of admissible evidence;

c.     The right to object to the use of any response, or the subject matter (including in the trial of this matter), and in any other lawsuit or proceeding;

d.     The right to object to the Interrogatories to the extent that they are vague, ambiguous, Flagstar objects to this Interrogatory as overbroad. or unduly burdensome;

e.     The right to object to the Interrogatories to the extent that they seek information not in the Trust's possession, custody or control; and

3.     Flagstar objects to each of the Interrogatories to the extent that they request information and/or documents which precede the Relevant Period.  These requests seek information and documents which would be unduly burdensome to produce, or is overly broad, irrelevant, immaterial, prejudicial, and is not reasonably calculated to lead to the discovery or admissible evidence.

4.     Flagstar objects to the Interrogatories to the extent they seek its legal conclusions, reasoning or argument.

5.     Flagstar objects to all of the Interrogatories to the extent they seek information protected from discovery by the attorney-client-privilege, the work product doctrine, the joint defense or common-interest privilege, or any other applicable privilege or protection (collectively "privileged information").  Thus, it will not identify any information or document (or other material) created or obtained by counsel in furtherance of their investigation and litigation of this case.  Inadvertent production by Flagstar of any privileged or protected documents shall not be deemed a waiver of such privilege, protection or related objections.

6.     Flagstar objects to the Interrogatories to the extent that they are compound and/or contain impermissible subparts.

7.     Specific objections are noted when these general objections are particularly relevant.

<u>SPECIFIC OBJECTIONS TO INTERROGATORIES</u>

1.     Separately state and describe each and every change which you have instituted or made to your procedures and policies for reporting to the consumer reporting agencies accounts that are in dispute before and following the date you first learned about the allegations and/or legal holdings contained in the Fourth Circuit's decision in Johnson v. MBNA Bank, N.A. No. 03-1235, (decided February 11,2004) or Saunders v. Branch Banking and Trust Co. of Virginia, No. 07-1109 (decided May 14, 2008), For each change, identify all persons who participated in your decision to make the change and all documents which evidence or regard it.

**OBJECTION:**  Flagstar objects to this Interrogatory to the extent it calls for the disclosure of privileged information.

2.     Since September 1, 2009, did you provide or verify any information related or attributed to the Plaintiff to any consumer reporting agency? If so, identify all such persons, the reason any such information was provided to each person, the manner in which you were requested to provide any such information, and, for each separate month, specifically state the content of the METRO-2 fields provided to any such agency.

**OBJECTION:**  Flagstar objects to this Interrogatory as it does not identify or define the reference to "all such persons." Flagstar further objects because this Interrogatory does not seek information reasonably calculated to lead to admissible evidence.

- 3 -

3.    Did you ever receive any written or non-written communication from any other person pertaining to the Plaintiff? If so, specifically list and identify each such communication. For non-written communication, state the content of each such communication.  For written communications, identify the document and the date of receipt for each document so identified.

**OBJECTION:** Flagstar objects to this Interrogatory as it is overbroad.

4.    With regard to any ACDV or other notice of dispute received from any consumer reporting agency regarding the Plaintiff, and the subsequent investigation, if any, that you performed regarding information reported by you:

- identify all persons who conducted or participated in the investigation including their names, employers, work and home addresses (unless counsel will accept service of process), and methods and rates of pay;

- identify the date of the investigation and all written and non-written communications pertaining to the investigation;

- describe all procedures you used in conducting the investigation; and identify all steps you took with respect to the Plaintiffs file following the investigation.

**OBJECTION:** Flagstar objects to this Interrogatory as it is overbroad.

5.    To the extent not described in your response to Interrogatory No. 4, did you ever conduct any other investigations or reinvestigations of information placed in the Plaintiffs credit file? If so, for each such investigation or reinvestigation:

   a.    identify all persons who conducted or participated in any such investigation or reinvestigation, including their names, employers, work and home addresses (unless counsel will accept service of process), and methods and rates of pay;

   b.    identify the date of all such investigation or reinvestigation and all written and non-written communications pertaining to any such investigation or reinvestigation;

   c.    describe the reason for any such investigation or reinvestigation;

    d.    describe all procedures you use in conducting any such investigation or reinvestigation; and

    e.    identify all steps you took with respect to the plaintiffs file following any such investigation or reinvestigation.

**OBJECTION:** Flagstar objects to this as unduly burdensome.

6.    Please explain and describe when, how, and under what circumstances you archive, retain, or capture account data in any file bearing any of Plaintiffs personal identifiers. List the archived data files and reports wherein any personal information about Plaintiff or attributed to any of Plaintiffs personal identifiers, including the date such data was captured, retained and/or archived, who has possession of those reports, the manner in which the reports are maintained, and the retention policy[ies] regarding those reports. This request includes your normal data file retention processes.

**OBJECTION:** Flagstar objects to this Interrogatory as it is overbroad and unduly burdensome.

7.    Separately state and describe each and every change which you have instituted or made to your procedures and policies for investigation of consumer disputes before and following the date you first learned about the decision of the Fourth Circuit in *Linda Slater (Linda Johnson) v. MBNA*, Eastern District of Virginia, Civ. No. 3:02cv523, regarding the duties of furnishers of credit information. For each change, identify all persons who participated in your decision to make the change and all documents which evidence or regard it.

**OBJECTION:** Flagstar objects because this Interrogatory seeks information not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

8.     Please explain and describe each Consumer Dispute Verification or Automated Consumer Dispute Verification [CDV or ACDV] communication or other dispute communication you received from any consumer reporting agency that regarded the Plaintiff or any of her personal identifiers. For each such CDV, ACDV, or other dispute communication, please identify the agency, state the date the item was received and the date you issued any response, explain and describe the dispute conveyed, state what documents or computer files you consulted or reviewed in conducting the investigation, and fully explain and describe the response[s] you provided to any agencies on each such occasion.

**OBJECTION:** Flagstar objects to this Interrogatory as it is overbroad and because it seeks information not relevant to this litigation.

9.     Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiffs complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit, or any defense or allegation you have raised in this lawsuit. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain and describe the nature of each such statement by the person so identified. Please identify the lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial testimony, or report was made, taken, or occurred.

**OBJECTION:** Flagstar objects to this Interrogatory as it is overbroad, and because it calls for the disclosure of privileged information.

- 6 -

10.    Identify all documents prepared by or on behalf of you used in connection with the training, instruction, supervision, or evaluation of any of your employees or of any third party paid by you who is identified in your responses to these Interrogatories.

**OBJECTION:** Flagstar objects to this Interrogatory as it is overbroad.

11.    State your net worth, gross revenue, and net revenue for fiscal and/or calendar years 2008, 2009, and 2010 and identify any annual report issued for either the fiscal or calendar years 2008, 2009, and 2010.

**OBJECTION:**  Flagstar objects because this Interrogatory seeks information not relevant to this litigation.

12.    Please list, explain, and describe each and every code contained in each reinvestigation record and file and retained computer record and screen/file you generated and accessed regarding Plaintiff or any account attributed to the plaintiff. For each such code, please also explain and describe, in detail, the purpose of such code, the content of such action, the duration of such action, and the reason you permitted such action or entry.

**OBJECTION:** Flagstar objects to this Interrogatory as it is overbroad.

13.    State the factual basis of any and all defenses that you have asserted to the Plaintiffs Complaint. For each paragraph of Plaintiffs Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial. If you contend as one of your defenses that, as of the date of each ACDV received by you, the Plaintiff was delinquent in the payment of her mortgage loan state every single reason and fact and identify every single document that supports your contention.

**OBJECTION:** No objection.

14.     Identify each meeting, training program, document, or other communication since January 1, 2009 which you have regarding the establishment, maintenance, implementation, improvement, or modification of investigation procedures or of procedures related to the submission and accuracy of data by you to the credit bureaus through Metro I or Metro 2, and identify any person(s) with knowledge of same and any document(s) regarding same.

**OBJECTION:**  Flagstar objects to this Interrogatory as it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

15.     Please explain and describe each Universal Data Form or Automated Universal Data Form [UDF or AUDF} communication you provided to any consumer reporting agency that pertained to the plaintiff or any of her personal identifiers. For each such UDF, AUDF, or other reporting correction communication, please identify the agency[ies], state the date you issued the communication, explain and describe the correction requested by you and fully explain and describe the basis for such request.

**OBJECTION:**  Flagstar objects to this Interrogatory as it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

16.     Describe in full detail every action you took in "investigating" the disputes made by the Plaintiff as alleged in the Complaint and explain and describe your reinvestigation procedures and policies regarding the contested credit reporting that you made to the consumer reporting agencies.

**OBJECTION:**  Flagstar objects to this Interrogatory as it is overbroad.

17.     Identify every lawsuit in which you have been sued for your alleged violation of 15 U.S.C. §1681s-2. Include the style of the case, the names of all co-defendants, the court in

which the action was brought, the case number, the name of the plaintiff's attorney, the identities of any of your co-defendants, the date the case was filed, and the disposition in the case. If it was settled, state the terms of settlement.

**OBJECTION:** Flagstar objects because this Interrogatory seeks information not relevant to this litigation.

18.    Describe, state, and identify every document, internal memorandum, e-mail, or other electronic communications system or method through which you or your employees discussed your maintenance, modification, and/or creation of your reinvestigation procedures. Identify all documents that regard such system(s).

**OBJECTION:** Flagstar objects to this Interrogatory as it is overbroad.

19.    State the job titles and the number of years that all employees involved with Plaintiff's disputes have been employed by you, describe all training that you have provided to them regarding the investigation of consumer disputes and identify all manuals, documents, videotapes, or other materials that were provided to them in conjunction with said training.

**OBJECTION:** Flagstar objects to this Interrogatory as it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

20.    State the name, function, lifecycle history, capacity, and content of any systems as they relate to information stored regarding the Plaintiff or any of her identifiers or as they were used in the course of any investigation regarding the disputed account(s).

**OBJECTION:** Flagstar objects because this Interrogatory seeks information not relevant to this litigation.

21.    Identify for each month between August 2009 and December 2011 the reporting information submitted to the consumer reporting agencies for the *Flagstar* Mortgage account:

- August 2009;

- September 2009;

- October 2009;

- November 2009;

- December, 2009;

- January 2010;

- February 2010;

- March 2010;

- April 2010;

- May 2010;

- June 2010;

- July 2010;

- August 2010;

- September 2010;

- October 2010;

- November 2010;

- December 2010;

- January 2011;

- February 2011;

- March 2011;

- April 2011;

- May 2011;

- June 2011;

- July 2011;

- August 2011;

- September 2011;

- October 2011;

- November 2011;

- December 2011;

**OBJECTION:** Flagstar objects to this Interrogatory as it is overbroad.

22.    State the complete history of the *Flagstar* account and detail all communications regarding same, to include all history on how the loan was originated, transacted, signed, placed in forbearance or modification, and list all persons involved in the history.

**OBJECTION:** Flagstar objects to this Interrogatory as it is overbroad.

Respectfully submitted,

FLAGSTAR BANK, F.S.B.
By Counsel

January 9, 2012

NELSON MULLINS RILEY & SCARBOROUGH LLP

George E. Kostel, VSB No. 34757
101 Constitution Avenue, N.W., Suite 900
Washington, D.C.  20001
Telephone:  (202) 712-2800
Facsimile:  (202) 712-2860
Email:  george.kostel@nelsonmullins.com

*Counsel for Defendant Flagstar Bank, F.S.B.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2012, Defendant Flagstar Bank's Objections to Plaintiff's First Set of Interrogatories was mailed, first-class postage prepaid, to:

Kristi Cahoon Kelly
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia  22030

Leonard A. Bennett
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia  23505

Matthew James Erausquin
Consumer Litigation Associates, PC
1800 Diagonal Road, Suite 600
Alexandria, VA  22314

*Counsel for Plaintiff Sandra J. Berrios*

David Neal Anthony
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, VA  23219

Syed Mohsin Reza
Troutman Sanders LLP
1660 International Drive
Suite 600
McLean, VA  22102

*Counsel for Defendant Experian Information Solutions, Inc.*

Grant Edward Kronenberg
Morris & Morris PC
11 South 12th Street
P.O. Box 30
Richmond, VA  23218

*Counsel for Defendant Trans Union, LLC*

John Willard Montgomery, Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230

*Counsel for Defendant Equifax Information Services, LLC*

COPY

George E. Kostel, Esq., VSB No. 34757
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone: (202) 712-2800
Facsimile: (202) 712-2860
Email: george.kostel@nelsonmullins.com

*Counsel for Defendant Flagstar Bank, F.S.B.*

~#4817-6349-6462 v.1 ~

- 13 -